No. 10,904.

HENRY WILLIAM SCHULTE vs. NEW ORLEANS CITY AND LAKE RAILROAD COMPANY.

44 509,
47 1675
44 509
49 1307
44 509
51 280

A person who is afflicted with deafness and who wears protruding apparel obstructive of the exercise of the sense of sight, and who ventures without looking right or left to cross a street railway track, acts rashly and is guilty of contributory negligence, and can not recover damages in case of an injury sustained by a collision with a coming mule and car.

The driver had a right to presume the person sound of hearing, and that she would exercise her senses so as to avoid an accident, by stopping in time, to let the mule and car pass freely.

The verdict of a jury in favor of the company, in such a case, will not be interfered with.

APPEAL from the Civil District Court for the Parish of Orleans.
King, J.

Moise & Titche and Sambola & Ducros for Plaintiff and Appellant:

1. Drivers of street cars in cities should be more than ordinarily careful at street crossings.
2. When a lady places herself in a position of danger, and is subsequently through the negligence of the driver, run over by a car at a street crossing, the defendant company can not rely upon the negligence of plaintiff as a protection, to exonerate it from all damages resulting from the injury. Weeks Case, 32 An. 615; 23 An. 182; Cooley on Torts, pp. 810, 811, citing 50 Mo. 461; 18 Ga. 679; 52 N. H. 528; 44 Ia. 144; 3 Ohio (N. S.) 172; 33 Md. 542, 544; 56 Mo. 338; 5 Exch. 243; 68 Me. 552; 85 N. C. 310.

Buck, Dinkelspiel & Hart for Defendant and Appellee:

On approaching a street crossing of a railway track, it is the duty of a traveler to exercise his senses of sight and hearing and to look and listen for an approaching train; his failure so to do is negligence, which in any case of collision will prevent his recovery of damages for injuries sustained. Herman Herlish vs. New Orleans & Texas Railway Company.

The opinion of the court was delivered by

BERMUDEZ, C. J.    This is a suit in damages for $15,000.  The substantial allegation is that on the morning of August 26, 1889, at about 10 o'clock, petitioner's wife, while in the act of crossing Royal street, at its intersection with Bartholomew street, in the third district of this city, was suddenly and violently knocked down and injured by a car of said company, which passed over her, injuring her ankle, through the gross carelessness, neglect, fault and management of the driver thereof, in the employ of the company. The petition proceeds to describe the injury sustained, the sufferings endured, the nature of the damages experienced, etc.

The answer is a denegation, and charges that plaintiff's wife, through the most reckless inattention, carelessness and imprudence contributed and was the sole cause of the accident.

The case was tried before a jury, who returned a verdict for the defendant, upon which, satisfied with the correctness of the finding, the district judge rendered judgment accordingly.

The plaintiff appeals.

The evidence shows that plaintiff's wife was hard of hearing, in point of fact deaf, and wore a large sunbonnet, at the time men-

tioned, which covered both sides of her face, coming down over her shoulders.

It is evident that she neither saw nor heard the approaching car while she was walking to cross the street, for had she seen or heard it she would either have stopped or, at her peril, hurried through safely.

It is not to be supposed that when the driver saw her he imagined she would not stop, and that he acted wantonly. He had a right to believe that she had exercised her senses and would stop and so avoid all accidents.

The authorities are numerous that on approaching a street crossing of a railway track it is the duty of a traveler to exercise his senses of sight and hearing and to look and listen for the approaching train or car, and that his failure to do so is negligence, which, in case of collision, prevents the recovery of damages for injuries sustained. Herlish vs. N. O. & Texas Ry. Co., lately decided, 44 An.—; Childs vs. R. R. Co., 33 An., p. 154: Hearn vs. R. R. Co., 34 An. 160; Gallier vs. R. R. Co., 37 An. 288; White vs. R. R. Co., 42 An. 990; Brown vs. R. R. Co., 42 An. 350; Peetz vs. R. R. Co., 42 An. 547. See also Wharton on Negligence, Sec. 384; Beach on Contrib. Neg., Sec. 63.

Under the facts and the law the plaintiff can not recover.

Judgment affirmed.