Paland vs. Railroad Co.

## No. 10,944.

MRS. NINA PALAND vs. CHICAGO, ST. LOUIS & NEW ORLEANS RAILROAD COMPANY ET AL.

Issues decided and a decision complied with after the case has been remanded are not subject to recall and consideration on second appeal.

Contributory negligence arises when the plaintiff has negligently omitted to do some act which it was his duty to do. The danger was known, which might have been prevented had he exercised ordinary care, and had he performed that which devolved upon him to perform as a keeper of the property.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Buck, Dinkelspiel & Hart* for Plaintiff and Appellant:

1. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. R. C. C., Art. 2315.

2. Every person is responsible for the damage he occasions, not merely by his own act, but by his negligence, his imprudence or his want of skill. R. C. C., Art. 2316.

3. The right to sue for damages suffered by or killed through an accident survives to his wife, who likewise has a right of action for damages suffered by her by reason of the death. R. C. C., Art. 2315; Acts of 1884, page 94.

4. A trespasser must be a wrongdoer; without an injury or an intent to do injury there is no trespass. Bouvier's Law Dictionary; R. S. L., Secs. 817, 818 and 819.

5. When one is allowed to come upon the land of another, by sufferance or invitation, he is not a trespasser, and the owner is bound to exercise ordinary care and prudence toward him. Beach on Contributory Negligence, pp. 54 and 55; 2 Law and Equity Reporter, 608; 48 American Reports, 727; 43 American Reports, 740; and more particularly as directly in point, Kay vs. Pennsylvania Railroad Company; 3 American Reports, 625.

6. No one has a right to erect death traps on his premises even to injure a trespasser or thief. 35 American Decisions, 96; 18 American Decisions, 18; 6 Southern Reporter, 81.

7. The owner of a building is liable for an injury caused by the falling thereof, whether the cause of the fall was due to his neglect or to the act of third persons done without his knowledge. 38 An. 280, and authorities there quoted. See also Tucker case, just decided.

*Farrar & Leake* for Defendant and Appellee:

1. To maintain an action by a servant against a master for an injury resulting from defective buildings, premises or appliances, two elements must concur, viz.: fault or knowledge on the part of the master; innocence of fault or ignorance of the danger on the part of the servant. Carey, tutrix, vs. Sellers et al., 41 An. 500.

2. However gross the fault of the master in subjecting the servant to risk from such causes, yet when the servant knows the defects and danger, and still knowingly and without protest consents to incur the risk to which he is exposed thereby, he is deemed to assume such risk and to waive any claim for damages against the master for injury resulting therefrom. Ibid.

The opinion of the court was delivered by .

BREAUX, J.  Suit was brought by plaintiff to recover damages in the sum of $15,000, sustained, she alleges, in the death of her husband, caused by the fall of certain constructions, or sheds, on square of land in this city, the property of the Illinois Central Railroad.

She charges that the sheds fell through the gross negligence of the defendant the said railroad company.

The suit was brought against the Chicago, St. Louis & New Orleans Railroad Company.

It having been ascertained that the property did not belong to the last named company, but to the Illinois Central Railroad Company, a supplemental petition was filed, in which it is alleged that the Illinois Central Railroad Company was at the time of the accident, set forth in the original petition, the owner of the property and amenable in damages in the amount claimed.

To this petition the last named company filed an exception and an answer, and the trial was proceeded with against the Illinois Central Railroad Company.

The judgment was against the said company for the sum of $5000.

The exception of no cause of action was overruled by Houston, judge.

The case was tried before his successor in office, who accepted the ruling made by his predecessor, as correct.

On the first trial the ownership of the property was proven as alleged; also that the falling sheds of the defendant inflicted mortal injuries upon plaintiff's husband.

That these sheds were in a decayed and dilapidated condition at the time.  That pieces of these buildings were broken down and carried away by persons in the neighborhood.  That the sheds were in consequence not sufficiently supported, and dangerous. That they were made dangerous by the trespassers, who tore down pieces to carry them off.  That the public passed over the property diagonally to shorten the distance; that of the number plaintiff's husband while on the property became a victim of the accident.

It was upon this evidence that judgment was rendered against the defendant.

Before another division of the Civil District Court, that over which Judge Rightor presides, another case was tried, viz.: Mrs. J. H. Tucker vs. Illinois Central Railroad Company.

Mrs. Tucker sued the defendant company for $25,000 for the bodily suffering of her husband, and her pecuniary loss in his death, caused by the fall of the lumber sheds, which also killed Mr. Paland in their fall.

They were killed at the same time and by the fall of the same sheds on defendant's property.

It was shown as part of the evidence in that case that steps were taken by the owner to protect the sheds, and to prevent carrying off the material.

In the decision of this court in the Tucker case reference is made to the fact that Mr. Paland was the person employed as keeper of the property.

The case at bar was submitted, and certain issues were decided after the decision in the Tucker case.

The court took notice of its decision in the case last mentioned and cognizance of facts which were proven.

In the opinion remanding this case the court held, that it was important to hear further evidence proving the circumstances under which the deceased Paland entered the premises, and was under the defendant's sheds at the time that the accident occurred, facts not satisfactorily proven in the trial.

We quote from the opinion:

"Now in Tucker's case, it was in proof that for some time previous to the fall of the sheds Paland had been employed by the company's agent to keep trespassers off the premises, a circumstance which would have in our opinion a very material bearing on the issue herein involved, and strange to say the record contains no testimony whatever on this point.

"We deem it our duty to take cognizance of facts proved in a case submitted to our review, which have a direct bearing on another case also under submission before us for adjudication.   *   *  But that cognizance in the present case is not of itself sufficient to shape our decree.

"Hence we feel constrained to remand the case for proof on this important point." Paland vs. R. R. Co., 42 An. 290.

The decree remanding the case, also annulled, avoided and reversed the judgment.

On the second trial evidence was admitted in compliance with this court's decree.

Upon other evidence adduced, the learned judge of the District Court reached a different conclusion from that previously reached by him. He decided that defendant's agent employed Herman Paland, plaintiff's husband, to keep trespassers off the place and prevent the building from being depredated upon; that the danger was apparent, and that he accepted the employment, knew the danger and assumed the risk.

He rendered judgment rejecting plaintiff's demand.

We have examined the testimony produced by the defendant upon the point which was held highly important when the case was remanded.

The plaintiff did not offer other testimony, if any was available, nor did she attempt to account for her failure to furnish any testimony.

The testimony proves that Paland was employed as keeper of the property.

The counsel for plaintiff urge that the evidence introduced in the second trial before the District Court should not be considered, and that the case should be decided on the evidence in the first case.

They invoke the elementary rule of law, that that which a party does not allege he can not prove.

That was their plea for a rehearing, which the court passed upon and remanded the case.

This question is no longer an open one.

The order of the court and the conclusions expressed in the decision remanding the case are plain. They are final and irrevocable, binding upon all parties to the suit and must be respected by this court.

Principles and issues settled by adjudications must remain settled, and are not subject to reconsideration.

The negligence of the keeper is proven.

The following rule is supported both upon principle and authority:

Contributory negligence arises when the plaintiff as well as the defendant has done some act negligently or has omitted, through negligence, to do some act which it was their respective duty to do, and the combined negligence of the parties has produced the injury.

It was the duty of the keeper of the property to prevent trespassers from dilapidating and stripping it until it fell.

It is also in proof that some time before the accident the danger on account of the dilapidated state of the property was apparent.

Then the relation of employer and servant exists; the latter assumes the risks of injury from all the ordinary dangers incident to the employment of which he had notice before voluntarily exposing himself.

Judgment affirmed at plaintiff's and appellant's costs.