LAND, J.
The opinion handed down by the judge a quo reads as follows, to wit:
“The plaintiff claims from the defendant $7,-205.50 for actual damages and personal injuries sustained by being struck by an automobile owned by the defendant and operated by a chauffeur in his employment.
“On the night of June 7, 1909, plaintiff, who is a school teacher, and one of his girl scholars, alighted from a St. Charles street car at the corner of Gen. Taylor and St. Charles streets, and started across the street on his way home. At the time it was raining, and he held over himself an umbrella. There was an electric-light at the corner, and nothing to obstruct the view of the street, and he could easily have been seen for some distance.
“The chauffeur in charge of defendant’s automobile, his nephew, was out with the automobile for pleasure, not for business. He was running the auto at full speed allowed by law, if he was not speeding, and struck the plaintiff.
*649 “The evidence shows that there was a bright light there. Plaintiff was where he had the right to be, and could easily have been seen by the chauffeur in ample time to have avoided the accident, if he had been looking and had his automobile under proper control.
“The negligence was caused by the negligence of the chauffeur alone. The plaintiff was not guilty of negligence or contributory negligence. The defendant, the owner of the automobile, is liable for the damages sustained; but the plaintiff was not permanently injured. For the actual damages and for the pain and suffering and mental anguish the court considers $500 sufficient compensation.”
[1] After a careful review of the evidence, we see no good reasons for reversing the judgment rendered in favor of the plaintiff. According to the testimony of'the chauffeur, he did not see the plaintiff and the girl until he was too close to them to stop the machine in time to avert the collision. To use his own language, he was “very nearly on top of them.” Considering that the chauffeur saw the street ear stop, and that the plaintiff and the girl after alighting from the ear walked across the whole width of the neutral ground, under a bright light, there was no excuse for the chauffeur not perceiving them in time to avoid the accident. The chauffeur saw the street car stop when he was half a block away, but does not seem to have looked again in that direction until the plaintiff and the girl were nearly in the street. He, then, to use his own language, “couldn’t help but see them.” The chauffeur, evidently, was not keeping a proper lookout for pedestrians at the street crossing. To look too late to avert an accident is not to look at all. The conductor of the street car following saw the plaintiff and the girl get off the car and cross the neutral ground. The automobile was running along by the side of the car in the rear, yet the chauffeur saw nothing but the stop of the car in front. The rain and wind increased the danger of collisions with pedestrians at street crossings, and the situation demanded more than ordinary vigilance on the part of the operators of auto-' mobiles.
[2] We see no good reasons for amending r the judgment as to the amount of damages. Pain and suffering cannot be measured in dollars and cents, and an award of damages will not be disturbed by the appellate tribunal unless the amount is clearly insufficient.• or excessive.
We agree with the judge a quo that the evidence does not show contributory negligence.
Judgment affirmed.