SOMMERVIDLE, J.
Plaintiffs are colored persons, the parents of Ida Walker, a girl 17 years of age, who, with a companion, was walking in Canal street, January 5, 1913, about 8 o’clock in the evening, when she and her companion were knocked down by an automobile, being driven by one of the defendants, Rene Rodriguez. Her right foot was crushed beneath one of the wheels of the machine. The navicular bone and the necks of the second, third, and fourth metatarsal bone were fractured. And plaintiffs-have asked for judgment in damages in the sum of $6,050.
The defendants, Rene and Albert Rodriguez, excepted on several grounds, which exceptions were properly overruled. And,, as they have not been urged in oral or printed argument in this court, they will be considered to have been abandoned.
The defendants answered, denying the allegations contained in plaintiffs’ petition,, and averred that if an accident happened to plaintiffs’ daughter, at the time and in the manner set forth in the petition, it was-unavoidable; and, if not unavoidable, then it was the result of contributory negligence by her.
There was judgment in favor of defendants, and plaintiffs have appealed.
The testimony on behalf of plaintiffs shows that their daughter, with a companion, was crossing the neutral ground in South Rampart street, at the intersection of Canal street, when plaintiffs’ daughter, who will hereafter be called the plaintiff, observed a lake end car, coming down Rampart street,, and she said to her companion: “Hurry! Let us get out of the way of the car.” And he said, “All right.” They stepped from the neutral ground onto the roadway in South Rampart street, going in the direction of the sidewalk on the east, or river, side' of that street. They, plaintiff and her companion, did not see or hear the automobile *254 coming behind them, and going in the direction of the river; and they had no reason to expect that an automobile going in that direction would have left the roadway in Canal street, and have crossed the neutral ground in South Rampart street, and run onto the roadway in South Rampart street, where they were walking. Defendants have failed to prove any contributory negligence on the part of plaintiff.
The defendants, and their witnesses, claim that they were in Canal street, on the roadway, when they observed a lake end train moving on the neutral ground of Canal street as it was turning into South Rampart street, and that they veered from their course to avoid a collision with the train; and they argue that the accident to plaintiff was unavoidable.
[1] It was clearly the duty of defendants to have seen the lake end train, and to have had their machine under such control as to have stopped it in time to have avoided a collision therewith. They knew, or they should have known, that the lake train would turn from the neutral ground in Canal street into South Rampart street; and they should not have run in front of the moving train. One of the witnesses for the defendants testified: “The West End car stopped in the curve.” If that was true, it was shown that the West End train was not going at a very rapid rate of speed, and that it stopped in time for the defendants to have followed their course, and not to have swerved from it. If they had done so, the accident would not have happened.
Besides, the train had the right of way, and it was the duty of the defendants to have guided and controlled their ear, and to have yielded this right of way, without running over the neutral ground, and injuring plaintiff in so doing.
[2] Defendants deny that the automobile struck the plaintiff, and they argue that it may have struck her companion, who was thrown to one side, and, in .falling, he struck the plaintiff, and that she received her injuries in that way. But the preponderance of evidence shows that the automobile struck the plaintiff and knocked her down; and, even if this were not so, and she was struck by her companion, who, in turn, had been thrown to the ground by the machine of defendants, they, the defendants, would still be liable. The evidence also is that one of the wheels of the heavy automobile passed over the right foot of plaintiff, and that, while it may not be permanently injured, she has suffered much from the accident, and she is likely to limp the balance of her life. Before the accident she was earning $18 a month, and, because of her incapacity she is earning but $10 per month now.
Defendant Rene Rodriguez, who was driving the machine, looked too late to see the oncoming West End train to have averted an accident; and to have looked too late was not to have looked at all. Shields v. Fairchild, 130 La. 648, 58 South. 497; Boylan v. New Orleans Ry. & Light Co., 139 La. 185, 71 South. 360. It was gross fault on his part not to have looked and listened for the steam train at the crossing. His neglect to do so was inexcusable. C. C. 3556, No. 13.
The damages will be fixed at $2,000.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed in so far as Rene Rodriguez is concerned, and that there now be judgment in favor of plaintiffs, and against defendant Rene Rodriguez in the sum of $2,000, with interest from date of judgment, and for costs. In other respects, the judgment is affirmed.