(98 South. 679)

No. 26327.

## HOLSTEAD v. VICKSBURG, S. & P. RY. CO.

(Dec. 3, 1923.)

*(Syllabus by Editorial Staff.)*

Railroads  328(2)—Automobile driver held not guilty of contributory negligence in failing to stop.

Where plaintiff, in an automobile driven by his mother, approached defendant's railroad track at a speed of three miles an hour, and the automobile was struck by the rear end of a freight train, the view of which was obscured by a freight depot, it appearing that, just at the moment the automobile crossed the track, the train started to back without signal, *held*, that it was not contributory negligence for plaintiff to proceed across the track without first coming to a dead stop.

O'Niell, C. J., and Land, J., dissenting.

Case Certified from Court of Appeal, Second Circuit.

Action by C. B. Holstead against the Vicksburg, Shreveport & Pacific Railway Company. Judgment for plaintiff. Defendant appeals, and question certified by Court of Appeals. Question answered.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellant.

Holstead & Thompson, of Ruston, for appellee.

By the WHOLE COURT.

DAWKINS, J. The Court of Appeal for the Second Circuit has, under the Constitution, certified to us a question of law and asked for instructions. The facts found are substantially as follows:

In the town of Ruston, defendant's tracks run approximately east and west. At the intersection of one of the main north and south thoroughfares, its freight depot abuts the east line of the street, and extends eastward along one of its tracks, and on the south side thereof, in such a manner as to completely obstruct the view in that direction of those traveling on the street from the south until they are practically upon the said side track. Its passenger depot is some two blocks west, and on the north side of its right of way. On the morning that the circumstances out of which this case arises happened, plaintiff and his mother, in an automobile, with the latter driving, approached the crossing from the south. A string of cars was upon the track beside the freight depot just mentioned, the last of which protruded a short distance beyond the west end of the depot, practically to the line of the street, and to the other end, a considerable distance to the east, was attached an engine. As the automobile neared the crossing, a passenger train passed to the east and out of sight behind the depot. Plaintiff's car did not come to an absolute stop, but was slowed down to about three miles an hour, so that it could have been stopped almost instantly. His mother inquired if she should stop, and was instructed by him to go ahead. The whistle was not blown, and the bell, if rung, could not be heard, because of the noise of the departing passenger train in the same locality. As the machine pulled slowly upon the side track, the freight train commenced to back toward the west, and caught the automobile, damaging it to the extent of $250. There was a flagman at the crossing, but he gave no warning or signal until about the moment of collision, or too late.

The question propounded is:

"Was the plaintiff guilty of contributory negligence in going upon the railroad track under the circumstances and conditions stated, * * * so as to bar his right of recovery?"

The court appears to have become confused by the expressions used in Aymond v. Western Union Telegraph et al., 151 La. 184, 91 South. 671, and those in other cases, the latest of which is that of Young v. Railroad Co., 153 La. 129, 95 South. 511.

An examination of the latter cases will

show that, while it was said that persons approaching a railroad crossing must "stop" and ascertain if the way is clear before proceeding, in each instance, where the right of recovery was denied, it was found that the complainant had failed to take the necessary and reasonable precautions for his own safety. Of course, each case must necessarily depend upon its own facts; but neither this court nor any other is justified, in the absence of statutory provision, in holding that the failure to do any particular act or thing shall amount to contributory negligence or bar recovery, unless it reasonably and logically contributes to the accident. As an illustration, if the plaintiff in this case had reached the crossing a moment sooner, stopped for an instant, instead of slowing down, as he did, pulled upon the track, and been hit, we hardly think it would be said that he could not recover. Yet it may be said that, if he had stopped in this instance, the train might have started before he got upon the rails, and he would not have been hit. However, this would not have been due to the want of negligence, but to the mere sequence of events.

It is well settled that, to create liability or to bar recovery, the negligence must bear some causal connection to the accident. Our conclusion, therefore, is that every one, whether pedestrian, motor vehicle driver, or what not, should, upon approaching a railroad crossing, or any other position of known danger, so regulate his conduct as to be free from fault. If one can see that the way is clear sufficiently, under reasonably normal circumstances, to pass without danger, he is justified in going ahead; or if, as in this case, the view is obstructed, he should approach cautiously until a view may be had. However, he cannot be blamed for being caught in what the trial court finds in this case to have been a trap set by the defendant, merely because he does not come to a dead stop. We think the reasoning in Aymond v. Telegraph Co. is sound and should be followed.

We therefore answer the question propounded in the negative.

THOMPSON, J., recused.

O'NIELL, C. J., and LAND, J., dissent.