(100 South. 54)

No. 24522.

## ABELS v. BROWN.

(April 21, 1924.)

*(Syllabus by Editorial Staff.)*

Municipal corporations ☞705(10)—Pedestrian crossing street in front of truck held negligent.

Where plaintiff started to cross street after alighting from street car without *looking to right,* and was struck by defendant's truck, which he could have seen had he looked, plaintiff was guilty of negligence, for when he stepped in front of truck the chauffeur could not avoid accident.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Jacob R. Abels against Benjamin C. Brown, doing business as the New Orleans Ice Cream Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Guy J. Ray, of New Orleans, and S. S. Reid, of Hammond, for appellant.

Lemle, Moreno & Lemle, of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. This appeal is from a judgment rejecting the plaintiff's demand for damages for personal injuries. He was knocked down by an automobile truck owned by the defendant and operated by the latter's employé.

The accident happened in New Orleans, at the crossing on Gravier street, at the east side of Rampart street. Plaintiff, with a companion, had alighted from a street car that had come down Rampart street—northward. The truck was going eastward—toward the river. Whether it came down Rampart street and turned into Gravier street, or came straight across Gravier street from Saratoga street (which is the next street westward from Rampart street), is the main question in dispute. Plaintiff contends that the truck came down Rampart street and turned into Gravier street suddenly and without warning. The defendant says that the truck came straight across Rampart street, coming directly from a repair shop on Saratoga street, near Gravier.

The evidence leaves no doubt in our mind that the truck did not come down Rampart street, but came from the repair shop on Saratoga street to Gravier street, and thence directly to and across Rampart street. The testimony of the chauffeur in that respect was corroborated by that of the proprietor of the repair shop. The only evidence offered by plaintiff to prove that the truck came down Rampart street was his statement and that of another witness that immediately after the accident, the chauffeur said that he had driven down Rampart street. The chauffeur denied that he had made the statement. It is conceded that the chauffeur was then very excited, and it is plausible that he did, inadvertently, say that he had driven down Rampart street, meaning that he had driven across Rampart street. In his report to the police department, made within an hour—and perhaps only a few minutes—after the accident, the chauffeur said that he had driven from Saratoga street into Gravier street, and thence directly to and across Rampart street. No one testified as a matter of fact that the truck came down Rampart street. On the contrary, the testimony of the plaintiff himself, and of the friend who was walking with him at the time of the accident, would almost convince us that the truck did not come down Rampart street. When the two men alighted from the street car on the downtown side of the crossing at Gravier street, they walked eastward to the corner, then turned to the right to cross Gravier street. Plaintiff's companion was walking only a few steps behind him. The truck would have been almost directly in front of them if it had been coming down Rampart street, or was turning into Gravier street, when they turned to the right to cross Gravier street. The fact is that the truck was approaching from behind them when they stepped from the street car, and was to the right of them when they turned to the right to cross Gravier street. Neither of them saw the truck until the moment when it struck plaintiff. He testified that he looked up and down Gravier street before starting to cross the street, but he admitted that the truck might then have been behind the street car. He said:

"That car struck me without my knowledge of its being present; how it did I don't know."

The man who was with plaintiff at the time of the accident acknowledged that he did not look up or down Gravier street before attempting to cross the street. He said

that when he saw the truck about to strike plaintiff he tried to grab him, but it was too late.

The charges of negligence were that the chauffeur was driving too fast, and that he failed to blow his horn. The evidence shows that the truck was not going fast. The chauffeur had stopped on the west side of Rampart street to let the street car pass the crossing. He waited until the street car had stopped and started. Then he proceeded across Rampart street. He had not had time to gain much speed when the accident happened. He stopped the truck within 10 feet from the place where he struck plaintiff. He turned to the right to avoid the collision, and ran his right front wheel to the sidewalk on Gravier street. There is some doubt whether he blew his horn; but that is not important, because it is not at all likely that a blowing of the horn would have avoided the accident. The chauffeur had the right to assume that the men would see the truck and would not walk in front of it. And he did all that we should expect of a skilled and prudent chauffeur to avoid the accident when the danger appeared.

It was charged in the petition that the chauffeur had an ailment of his eyes, and that the defendant was therefore at fault for allowing him to drive the truck. The allegation was not proven to the satisfaction of the judge who tried the case. Without going into a discussion of the testimony on the subject, which is very brief, we concur in his honor's conclusion.

The negligence that caused this accident was the plaintiff's neglect to look to the right when he started to cross Gravier street. If he had looked to the right then, he would surely have seen the truck. When he stepped in front of the truck it was so close that the chauffeur could not avoid the accident.

The judgment is affirmed, at appellant's cost.