No. 9646.

Orleans Appeal.

---

KATHLEEN HEIDEMAN v. N. O. PUBLIC SERVICE INC., Appellant.

---

(December 15, 1924, Opinion and Decree.)
(January 19, 1925, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Street and Interurban Railroads, Par. 27, 28.**
In the interest of the public circulation, street cars have the right of way over ordinary vehicles.

2. **Louisiana Digest, Automobiles, Par. 4, 5.**
The attempt to drive a vehicle across a street railway track in front of an approaching car, which could and should have been seen with ordinary care and prudence, is such negligence as must prevent recovery of damages for injuries resulting from a collision with the car.

(Civil Code, Art. 2315—Editor's Note.)

Appeal from First City Court, Hon. Henry Renshaw, Judge.

This is a damage suit on the allegation that one of defendant's cars ran into plaintiff's automobile and damaged it. There was judgment for plaintiff for $142 and rejecting her claim for loss of use of her auto. Defendant appealed.

Judgment reversed.

John Dymond, Jr., A. G. Levy, R. J. Weinmann, attorneys for plaintiff and appellee.

Benj. W. Kernan, attorney for defendant and appellant.

CLAIBORNE, J. This is a damage suit on the allegation that one of defendant's cars ran into plaintiff's automobile and damaged it.

Plaintiff alleged that on May 14, 1923, at 5:15 p. m., she was driving her auto down Burgundy Street in the direction of Iberville Street, when a car of defendant company ran into her auto from the rear and damaged it to the extent of $137; that she paid $5 to tow her auto to her garage; that she was deprived of the use of her car for 54 days during the repairs to it; that she is a stenographer and she used her auto to go to her work daily and the deprivation caused her a daily damage of $2, or $108; that she was informed by the motorman in charge of the car that the brakes would not work. She claims $250.

The defendant denied all the allegations of plaintiff's petition and averred that "an automobile said to belong to and driven by Miss Kathleen Heiderman was suddenly and without warning driven from the side of Burgundy Street, between Canal and Iberville Streets, towards and on the track on which respondent's Paris Avenue cars are operated at a time when one of said cars was being prudently operated on a trip down Burgundy Street and was then so close to the automobile that the motorman in charge of the car could not stop it or check its speed in time to avoid a collision with it, although he made every effort so to do".

There was judgment for plaintiff for $142 and rejecting her claim for loss of use of her auto.

The defendant has appealed.

The facts are that the plaintiff was parked along Burgundy Street between

Canal and Iberville Streets. An auto's length ahead of her was another auto parked; the plaintiff ·drove out of her parking place to get into the track; while she was partly across the track, while her front wheels were upon the track and her hind wheels were near to or upon the river side track and her auto was in a diagonal position, and before she had straightened out upon the track, the defendant's car struck her auto upon the left rear wheel shoving her against the auto ahead of her, smashing her right front wheel and fender and her rear left wheel.

She testifies:

"When I got in the car to drive out, the engine was started and I held my hand out, and the Paris Avenue car was just turning Canal Street about three-quarters of a block away, easily 75 feet."

The plaintiff is evidently mistaken. Three-quarters of a city block are not 75 feet but about 225 feet, and the evidence is that the accident occurred nearer to Iberville than to Canal Street. If the "car was just turning Canal Street" when she moved from her parking place, she would have had ample time to get upon the track and straighten out before the car struck her. Burgundy Street is a narrow street, and the distance from the car track to a car parked along the curb of the sidewalk is only a few feet.

The fact that plaintiff's auto was struck upon the left rear side in a diagonal position proves she moved from her parking place just a little before the car approached her, and that they both reached the point of collision at about the same time. It was not enough for the plaintiff to have extended her hand; she should have looked. If she had looked, she could not have avoided seeing the car so near to her.

In the interest of public circulation, street cars have the right of way over all other vehicles. Walker vs. Rodriguez, 139

La. 251, 71 So. 499; 185 Court of Appeal Nos. 7405, 7988, 8127, 8595; Tessier Digest, p. 158.

· Sec. 9, page 9, of the Traffic Ordinance:

"On approaching the tracks of an electric street railway, with intention of going upon them, a person driving a vehicle must look and listen for an approaching car; his failure to see or hear a car when he might have done so if he had exercised his senses in an effective manner, is contributory negligence on his part, which precludes him from recovering damages, unless he proves that the motorman might have avoided the damage by the exercise of ordinary care." No. 7405, Ct. App., Dr. Gelbke vs. R. R., Orl. App.; Hurdy, p. 397, § 336.

"To attempt to drive a vehicle across a street railway track in front of an approaching car, which could and should have been seen with ordinary care and prudence, is such negligence as must prevent the recovery of damages for injuries resulting from a collision with the car." No. 8595, Ct. App., Maxwell vs. R. R.

We see no negligence upon the part of the motorman. The plaintiff drove her auto suddenly across his path, and although he applied the brakes he could not stop his car in time to avoid the collision.

The plaintiff relies upon an alleged statement of the motorman to her after the accident that his brakes were in bad order before the accident. She testifies to it and also does a disinterested witness. The motorman denies that he made the statement. A prior motorman who used the car on a run just before, testifies, and a passenger upon the car on the fatal trip, both swear that the brakes were in good order. The testimony of the plaintiff and of her witness may have resulted from a misunderstanding. The facts are that in the collision the brakes upon defendant's car were crushed and mashed against the wheels of the car, so that the brake would not work, and that it was necessary to send a workman under the car to loosen the brakes.

This condition may have given rise to the statement that the brakes were injured and out of order before the collision.

At any rate the explanation so weakens the testimony of the plaintiff as to deprive it of sufficient probative value to rest a judgment upon it, or to overcome the other testimony that the brakes were in good order.

It is therefore ordered that the judgment appealed from be reversed and set aside; and it is now ordered that there be judgment in favor of defendant rejecting plaintiff's demand at her cost in both courts.