**MISS LYDA BELDEN v. G. N. ROBERTS, Appellant**

---

(January 4, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Negligence—Par. 42.**

In order to recover in a damage suit plaintiff must prove that defendant was negligent and that his negligence was the cause of the accident; but proof that plaintiff himself was negligent will defeat his action.

2. **Louisiana Digest — Automobiles — Par. 4 (b).**

When two vehicles approach an intersection at approximately the same time, the one having the right of way is entitled to proceed, and it is culpable negligence for the other to attempt to cross.

3. **Louisiana Digest—Automobiles—Par. 4 (d).**

The traffic ordinance requiring a vehicle approaching a right of way street to come to a full stop must be observed literally; it will not be sufficient to slacken speed.

4. **Louisiana Digest—Automobiles—Par. 8.**

One has a right to presume that the other will obey the traffic law.

Appeal from First City Court. Hon. Val J. Stentz, Judge.

This is a suit for damages caused by an automobile collision.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

H. W. Robinson, of New Orleans, attorney for plaintiff, appellee.

Gordon Boswell and Milo B. Williams, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit for damages caused by an automobile collision.

The plaintiff alleged that on June 14, 1925, at 1 o'clock p. m., she was driving her Ford Sedan automobile on First street in the direction of the river; that as she approached the property line on the lake side of Prytania street she brought her automobile almost to a complete stop; that she looked and listened in both directions; that she saw no vehicles approaching, except an automobile driven by the defendant, which was half a block, or 150 feet, away; that she then proceeded to cross Prytania street, and had crossed the greater part of it and was in the middle of the river side track on Prytania street when defendant's auto struck the side of her auto with terrific force, driving it against the uptown river curb of the intersection; that in the collision the plaintiff was bruised on the cheek, back, neck, arms and body; that her automobile was badly broken, the left door panel was crushed, the top demolished, windshield glass broken, fenders, running boards crumpled, right rear wheel broken and axle bent; that the removal of the car to the garage $5.00, the garage fees $2.50 per day, and the repairs $195.70, are the cost of the damages; that the automobile be reduced in value $25.00; that the cuts and bruises to plaintiff are a damage of $50.00; that the accident was caused solely by the negligence of the defendant in the following particulars: First, in driving on the wrong side of the roadway; second, in failing to yield the right of way to plaintiff's auto which arrived at the intersection first and was crossing first; third, in approaching First street at a speed of thirty miles an hour in excess of the speed limit; and in failing to slow his car before running into plaintiff's car which was in view for more than 150 feet, and in having defective brakes.

Defendant admitted the collision and that plaintiff did not come to a stop on reaching the intersection of Prytania street, but denied all the other allegations of the petition; further answering, the defendant alleged that the damage suffered by the plaintiff "was due solely and entirely to the negligent operation of plaintiff's automobile, particularly in that it was not brought to a stop on reaching Prytania street; that it was being driven at a high and reckless rate of speed; that it was driven across Prytania street in utter disregard of respondent's right of way at a time when respondent's automobile, being driven in a careful and prudent manner, was at a dangerous proximity to the corner; and that the driver of plaintiff's automobile did not have it under control and was not exercising a proper lookout ahead, all in violation of Traffic Ordinance No. 7490 C. C. S.

There was judgment for plaintiff for $220.70 and defendant has appealed.

In order to recover plaintiff must prove that defendant was negligent or at fault in some particular, and that his negligence

was the cause of the accident; but proof that plaintiff was negligent will defeat his action.

The first charge of negligence made by plaintiff is that defendant was driving on the wrong side of the roadway.

Plaintiff swears that the defendant was going up on the downtown river side, not on the car track.

The defendant says: "I was going up on the right hand of traffic."

The plaintiff's testimony is weakened by the improbability of defendant driving up the river or left-hand side of the street contrary to custom and to the general law of the road and to traffic ordinances and in the way of down-town travel.

She is contradicted by her own testimony. She says:

"The accident occurred directly in the middle of my car and directly in the middle of the rail."

Robert Belden, her brother, was in the car at the time of the accident. He says:

"Q. Where was your automobile when it was struck?
"A. Just about the second car track.
"Q. What part of your car was struck by the other car?
"A. About the motor on the left side."

It is perfectly evident that if the defendant was driving on the river side of Prytania street, he could not have struck a car in the middle of the rail.

Second. The second charge against defendant is that he failed to yield the right of way to plaintiff who had arrived at the intersection first.

This charge is based on S. G., Sec. 7, p. 8, of the traffic ordinance which reads as follows:

"The right of way herein given shall not be construed to mean that vehicles may be driven through street intersections in a reckless manner or at a speed beyond control, nor that they may take advantage of such right of way to drive through inter-

sections regardless of the rights of vehicles on intersecting streets. The right of way given applies only where two automobiles approaching intersecting streets arrive at the intersection at approximately the same time, and does not authorize the vehicle traveling on the right of way street to disregard the right of vehicles which have already entered the intersections from an intersecting street."

The two cars approached the intersection at approximately the same time, for plaintiff's brother says that her car was struck "just about on the second car track", meaning when it had reached the second car track. This would place the plaintiff's car and that of the defendant also in the middle of Prytania street. It is also alleged that the "left door panel was crushed".

When defendant saw plaintiff issuing out of First street he had a right to believe that she would obey the ordinance and stop, or at least slacken her speed until he had passed, and thus yield defendant the right of way to which he was entitled. Huddy, p. 785.

The presumption is that every person will perform the duty enjoined by law. Clements vs. La. Electric Light Co., 44 La. Ann. 692, 11 South. 51; Cooley Torts, 659-661.

The traffic ordinance provides:

"No motor vehicle shall turn into or cross any right of way street, as fixed in Article I, Section 9, without first coming to a full stop." Huddy, Sec. 383, p. 373; Berry, Sec. 196, p. 199; 209 Ills. App. 499.

"An engineer has the right to assume that a person on a track will step off." Schwartz vs. New Orleans & C. R. Co., 110 La. 534, 34 South. 667; Ford vs. Tremont Lumber Co., 123 La. 742, 49 South. 492; Saitta vs. Yazoo & M. V. R. Co., 153 La. 1099, 97 South. 261; Farrar vs. New Orleans & C. R. Co., 52 La. Ann. 417, 26 South. 995; O'Rourke vs. New Orleans City & Lake R. Co., 51 La. Ann. 755, 25 South. 323; Vanon vs. Louisiana Ry. and Navigation Co., 143 La. 1085, 79 South. 869;

Nolan vs. Illinois Central Railroad Co., 145 La. 487, 82 South. 590; Schulte vs. New Orleans City & Lake R. R. Co., 44 La. Ann. 509, 10 South. 811; Abels vs. Brown, 156 La. 75, 100 South. 54.

Third. The third charge is that defendant approached First street at a speed of thirty miles an hour, in excess of the speed limit, and in failing to slow when plaintiff's car was in full view for a distance of 150 feet on First street.

The limit of speed fixed by the ordinance was twenty miles an hour. The defendant admitted that he was running at a speed of twenty-two miles an hour. The difference between the two is but slight. But the excessive speed was not the cause of the collision, as we shall show hereafter, and the violation of an ordinance cannot be charged as negligence unless it was the cause of the accident. Lopez vs. Sahuque, 114 La. 1004, 38 South. 810.

Fourth. There is no proof whatever that defendant's brakes were not in working order.

But it is not enough for the plaintiff to prove that the defendant was negligent; she must prove that she was not negligent herself, and that she did not contribute to the accident, for if she was guilty of negligence and contributed to the accident she cannot recover.

As early as 1841 in Fleitas vs. Rrd., 18 La. 339, the Supreme Court adopted the opinion of an English chief justice, who laid down the law as follows:

"If there was want of care on both sides the plaintiffs cannot maintain their action; to enable them to do so the action must be attributable entirely to the fault of the defendants."

This jurisprudence has been consistently followed. 2 H. D. 1054; 2 L. D. 494; Taylor Dig., p. 579-585; 2 Breaux 679; 5 La. Dig. 522; Holzab vs. New Orleans & Carrollton Railroad Co., 38 La. Ann. 185; Brown vs. Texas & Pacific Ry. Co., 42 La. Ann. 350, 7 South. 682; Mrs. M. D. Ryan vs. Louisville, New Orleans & Texas Railway Company, 44 La. Ann. 806, 11 South. 30; Hoelzel vs. Crescent City R. Co., 49 La. Ann. 1302, 22 South. 330; Tatje vs. Frawley, 52 La. Ann. 884, 27 South. 339; Scovell vs. Levy's Heirs, 106 La. 117, 30 South. 322; Buechner vs. City of New Orleans, 112 La. 599, 36 South. 603; Harvey vs. Louisiana Western R. Co., 114 La. 1078, 38 South. 859; Pollezzotto vs. People's Bank, 125 La. 777, 51 South. 843; Borell vs. Cumberland Telegraph and Telephone Co., 133 La. 630, 63 South. 247; Foreman vs. Louisiana Western Ry. Co., 140 La. 389, 73 South. 342; Combre vs. White Castle, Lbr. Co., 144 La. 699, 81 South. 256; Breen vs. Walters, 150 La. 578, 91 South. 50; Vappi vs. Morgan's Louisiana & T. R. R. & S. S. Co., 155 La. 189, 99 South. 31; 6 Orl. App. 238-136; 11 Orl. App. 330; 12 Orl. App. 171; Gibbons vs. Railroad, 1 La. App. 371; Burton vs. Railroad, No. 9160 Ct. App., and many others; Huddy, Sec. 398.

In Clements vs. Electric Light Co., 44 La. Ann. 692, 11 South. 51, the court said on page 695:

"But notwithstanding the fault of defendant, if the evidence shows that the plaintiff himself was guilty of negligence, contributing to the injury, he cannot recover. The question is whether the act of the party injured had a natural tendency to expose him directly to the danger, which resulted in the injury complained of. If the plaintiff could, by the exercise of reasonable care at, or just before, the happening of the injury to him, have avoided the same he cannot recover damages for the injury."

We are of the opinion that the plaintiff was negligent in two instances:

First: When she failed to come "to a full stop" on approaching Prytania street, which is a right of way street. The ordinance reads, p. 18, Sec. 2: "No motor vehicle shall turn into or cross any right of way street * * * without first coming to a full stop."

This ordinance was passed for the very purpose of preventing accidents like the one under consideration to protect the life and property of persons driving along right of way streets as well as across those streets. Both the Supreme Court and this court have proclaimed the duty to enforce the traffic ordinance. Jones vs. New Orleans Ry. & Lt. Co., 123 La. 1060, 49 South. 706; Orl. App. 8297; Broderick vs. Lane Cotton Mills, 1 La. App. 155; Bianchi vs. Mussachi, 1 La. App. 291.

In Heaslip vs. N. O. Ry., 6 Orl. App. 234, a rule of the defendant company required that "motormen must bring their cars to a full stop before crossing any intersecting street". The court said on p. 237:

"The rule requiring cars to stop before crossing intersecting streets is one, the non-observance of which is very condemnable, and the courts would not hesitate in inflicting the payment of damages upon the railroad when it is shown that the person suffering the loss was free of negligence."

But the plaintiff was dismissed because he had been negligent.

In the case of Russell vs. Ry., 50 La. Ann. 501, 50 South. 466, the municipal regulations required the defendant, an electric street railway, to stop the cars at the intersection of the Texas & Pacific Railway on the occasion mentioned in the suit the motorman could not or did not check or stop his car, an accident followed. The court said:

"There was manifestly negligence on the part of defendant and an amount is due for the injury."

The plaintiff refers to the cases of Aymond vs. Western Union Telegraph Co., 151 La. 184, 91 South. 671, affirmed in Holstead vs. Vicksburg S. & P. Ry. Co., 154 La. 1097, 98 South. 679, and in Draiss vs. Payne, 158 La. 658, 104 South. 487, wherein it was decided that it was not necessary to come to a dead stop or to a state of "absolute immobility", and that "it will suffice for such person to have his own motion so checked and under control that he may stop instantly if need be".

But in all those three cases the court was interpreting a rule of jurisprudence requiring a person to "stop, look and listen". In those cases the court was at liberty to enlarge or restrict the rule or to disregard it. But it could hardly be said that when a rule of a railroad or the ordinance of a council requires a vehicle to "stop", that it will be sufficient compliance with the rule or ordinance to slow up or check up.

"The violation of a duty specified by law is negligence. Therefore, when a city ordinance under which an electric lighting company is operated requires it to have the 'splices' on its wires perfectly insulated, the failure to do so is negligence." Clements vs. La. Electric Co., 44 La. Ann. 692, 11 South. 51.

"In this case the defendant's standard of duty was fixed and its measure defined by law. It is the same under all circumstances and its omission is negligence per se." Tucker vs. I. C. R. R., 42 La. Ann. 117, 7 South. 124.

"Contributory negligence arises when the plaintiff as well as the defendant has done some act negligently, or has omitted, through negligence, to do some act which it was their respective duty to do, and the combined negligence of the parties has produced the injury." Paland vs. R. R., 44 La. Ann. 1003 (1006), 11 South. 707.

Second: The plaintiff was negligent in attempting to cross Prytania street before

at best, in the center of the down track nearest the river. This proves that the two cars reached the intersection at approximately the same time. The plaintiff testifies that when she reached Prytania street she slackened her speed. The defendant also says that she did. He, therefore, had a right to presume that she slackened for the purpose of yielding to him the right of way, and that he was not called upon to diminish his speed. When he realized that plaintiff did not stop, he applied his brakes to his car, but too late to avoid the collision.

On approaching a street crossing of a railway track in a city it is the duty of a traveler to exercise his senses of sight and hearing and look and listen for an approaching train. His failure so to do is negligence which, in case of collision, will prevent his recovery of damages for injuries sustained. Herlisch vs. The Louisville, New Orleans & Texas R. R. Co., 44 La. Ann. 280, 10 South. 628; Sauer vs. Union Oil Co., 43 La. Ann. 699, 9 South. 566; Snider vs. New Orleans & Carrollton R. R. Co., 48 La. Ann. 1, 18 South. 695; Dieck vs. New Orleans City & Lake R. R. Co., 51 La. Ann. 262, 25 South. 71; La. Ann. 1894, 28 South. 305; Mongagna Provosty vs. Yazoo & M. V. R. R. Co., 52 vs. Illinois Central R. R. Co., 115 La. 598, 39 South. 699; Walker vs. Rodriguez, 139 La. 254 71 South. 499; Abels vs. Brown 156 La. 72, 100 South. 54; Adamson vs. Busbey, 1 La. App. 50.

"The driver had a right to presume the person sound of hearing, and that she would exercise her senses so as to avoid an accident by stopping in time to let the mule and car pass freely." Schulte vs. New Orleans City & Lake Railroad Co., 44 La. Ann. 509, 10 South. 811.

We are of the opinion that the accident occurred through plaintiff's negligence as much as defendant's, if any can be attributed to him. Under the circumstances plaintiff cannot recover.

"When two vehicles approach an intersection at about the same time, the one having the right of way is entitled to proceed, and it is culpable negligence for the other to attempt to cross." Norwich Union Indemnity Co. vs. Cohen, 1 La. App. 512.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's suit at her cost in both courts.