LUCA BORRELLO v. ROHRER

———

(May 24, 1926. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana   Digest — Automobiles — Par. 4 (b).**

The automobile which first enters a street intersection is entitled to proceed. Other cars approaching on intersecting streets should delay their progress so as to allow the first arrival to pass in safety. Failure to do so is negligence.

Appeal from. First City Court, Section "C". Hon. Wm. V. Seeber, Judge.

Action by Luca Borrello against Edward J. Rohrer.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. Gardner and C. E. Strauch, of New Orleans, attorneys for plaintiff, appellee.

B. N. Miller, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.  Plaintiff, the owner of a Nash automobile, brings this suit against defendant, the owner of a Ford Sedan, for damages alleged to have been inflicted upon the Nash by the Ford as a result of a collision on May 17, 1925, at

the intersection of Alexander and Palmyra streets in this city.

Plaintiff claims $150.70 and was awarded a judgment in the sum of $100.00. Defendant alone has appealed.

The Nash car was coming down Alexander street in the direction of Canal street and the Ford out Palmyra in the direction of the lake. In argument and in brief there was much discussion of the right-of-way but we do not find that the city ordinance was introduced in evidence, consequently, we cannot consider which car had the right of way. We have reached the conclusion that the Ford was to blame for the accident. To begin with, the Nash was hit on its right side near the front door by the Ford radiator and front fender. The evidence on both sides indicates that the Nash was well into the intersection before the Ford entered it. The Nash was knocked against the curbing with such force as to break its left rear wheel, suggesting excessive speed on the part of the Ford, which is much the lighter car. It is true the Ford was uninjured, but it is shown to have been equipped with a bumper which protects its forward end which struck the Nash.

For the reasons assigned the judgment appealed from is affirmed.