### No. 13,385

### Orleans

## BERNADAS v. MILLER

(November 17, 1930.   Opinion and Decree.)

See also, 13 La. App. 706, 129 So. 175.

Quintero & Ritter. and Adam H. Harper, of New Orleans, attorneys for plaintiff, appellee.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit for property damages alleged to be the result of an intersectional automobile collision. Defendant denied liability and in reconvention asked for property damages and in the alternative pleaded contributory negligence. There was judgment in favor of the plaintiff in the sum of $157.30 and dismissing the reconventional demand. The defendant has appealed.

It appears that on Sunday, March 3, 1929, at 2 o'clock p. m., plaintiff was driving his Ford coupe automobile on Conti street, moving from the direction of the river toward the lake. At the same time the defendant's Ford truck was being driven on Villere street from the direction of Canal street toward the Industrial Canal. The two automobiles collided at a point where these two streets intersect each other at right angles.

The plaintiff testified that his car was going about 15 miles an hour and as it approached the intersection that he slackened his speed to about 10 miles per hour and sounded his horn; that as he came into the intersection, he perceived that the truck was coming at an excessive rate of speed, and realizing that if he would hold to his course he would be struck, he guided his car to the right into Villere street, in order that the truck might pass him and thereby avoid the collision, but that the right rear side of the truck struck the left front side of the Ford coupe, causing it to turn and face in the direction from which it had come and then turn over on its left side, and that the truck continued on its way down Villere street about 60 feet and then turned over.

The driver of defendant's car admits that he approached the intersection at the rate of 25 miles an hour and did not see the plaintiff's car until the very moment of the accident, and that he did not attempt to put on his brakes until after the truck had been struck.

From a reading of the evidence in the case, we are convinced that the plaintiff's car entered the intersection first and, therefore, had the right of way by virtue of the provisions of the traffic ordinance and should have been permitted to proceed

on its way. Belden v. Roberts, 3 La. App. 338; Borrello v. Rohrer, 4 La. App. 510.

Plaintiff's automobile also had the right of way under the traffic ordinance by reason of the fact that it approached the intersection from the right of defendant's truck. Ordinance No. 7490, C. C. S., art. 1, sec. 1, par. 7.

The driver of defendant's car admits that he did not see the plaintiff's car until a moment just before the collision, and that he made no attempt to apply his brakes until that time. Had he been keeping a proper lookout, he would have seen the plaintiff's car, as there was nothing to intercept his view; the accident having happened during the day time. He was also at fault in failing to give plaintiff the right of way accorded him by the traffic ordinance. We therefore find that the accident was caused solely by the negligence of the defendant's driver.

The plaintiff proved that the cost of repairing the Ford coupe was $140.30 and that the cost of towing it in was $5. The judgment of the lower court allowed the sum of $12 for a new license plate which plaintiff placed on a new car which he purchased, having traded in his damaged car on account of the new one. We are of opinion that our learned brother below erred in allowing this item, as it appears that it was not damage resulting from the accident.

It is therefore ordered, adjudged, and decreed that the judgment of the trial court be amended by reducing it from the sum of $157.30 to $145.30 with legal interest from judicial demand until paid, and as thus amended it is affirmed, appellant to pay the costs of both courts.