## BAGLEY v. STANDARD COFFEE CO.
### No. 5819.

Court of Appeal of Louisiana.
Second Circuit.
June 2, 1936.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

HAMITER, Judge.

The vehicular collision which prompted this litigation occurred at the intersection of Kings Highway and the Mansfield road in the city of Shreveport. These arteries of traffic cross at right angles.

Shortly after darkness had arrived on the evening of June 14, 1934, plaintiff, together with his wife and a friend, was proceeding south on the Mansfield road in his Chrysler 1931 model four-door sedan. All occupants of the car were on its front seat, and their drive was solely one for pleasure. While attempting to negotiate the intersection, plaintiff's car collided with a 1934 model Ford delivery truck,

belonging to defendant and being driven east on Kings Highway by its employee, J. L. Bradford, who was acting in the course and scope of his employment. The headlights of both vehicles were burning at and immediately prior to the moment of impact.

Plaintiff seeks compensation herein from the Standard Coffee Company for the cost of repairs and loss of use of his car. He attributes various acts of negligence to the truck driver, viz.: (1) Operating truck at a fast and reckless rate of speed and on the wrong side of the street; (2) failure to slow down at the intersection and permit plaintiff to clear the same, notwithstanding he was entitled to and had the right of way, having entered the intersection first; (3) operating truck with defective brakes, or failure to apply its brakes, or failure to do anything to avoid the accident; (4) failure to keep a lookout for other vehicles.

Defendant denies negligence on the part of its employee, and alternatively avers that plaintiff was negligent in the following particulars: (1) Operating automobile at high rate of speed in violation of city ordinance; (2) failure to permit truck driver who was approaching from plaintiff's right and had the right of way to pass in front of him; (3) operating car with defective brakes; (4) failure to keep a proper lookout and to avoid the accident.

Incorporated in defendant's answer is a reconventional demand in which claim is made for amounts expended in repairing the truck.

There was judgment rejecting the demands of both parties, and plaintiff has appealed. An answer to the appeal has been filed by the defendant in which it prays for an affirmance of the judgment in so far as it rejects plaintiff's demands, and an amendment thereof to the extent of allowing the reconventional demand.

There are no copies of traffic ordinances in the record to show the authorized maximum speed on the streets in question or designating either of them a right of way thoroughfare.

Our appreciation of the evidence when considered in its entirety, much of which is irreconcilably conflicting, is that plaintiff was proceeding in a southerly direction, on his right-hand side of the street, at a speed of about 20 or 25 miles an hour.

Shortly before reaching the intersection, he saw the truck on his right traveling in an easterly direction toward, and possibly 40 or 50 feet from, the crossing at a fast rate of speed which he estimated to be 40 miles per hour. On observing it, plaintiff applied his brakes, slowed to about 15 miles per hour, then released them without accelerating the car, proceeded into the intersection, again applied the brakes, turned suddenly to his left, and collided with the truck. Defendant's driver was traveling on his right side of the street at an excessive rate of speed when he approached and entered the intersection. The Chrysler car was not seen by him until almost at the time of impact.

Neither driver remembers whether or not he sounded his horn before attempting the crossing. There were no buildings or other view obstructing agencies on the northwest corner of the intersection. No evidence was offered showing that the brakes of either vehicle were defective.

After the collision, plaintiff's car came to rest in the northeast quadrant of the intersection, facing in a northerly direction, while the truck forcibly struck and stopped against the curb of the southeast corner facing in a southeasterly direction.

Plaintiff's witnesses testified that the collision occurred in the southwest quarter of the crossing. Defendant's employee, is equally positive that it took place in the southeast portion. Because of the view which we take of the case, a determination of the exact point of collision in the southern part is unnecessary.

The physical facts indicate that the front of the Chrysler automobile struck the left side of the truck near its front. Plaintiff's car was damaged to the extent of having its frame twisted and bent, the right front fender torn and bent, the right headlight and lens broken, twisted, and bent, the front bumper bent and broken, the clutch housing broken, the front axle bent, the left front fender bent, the body scratched and dented, the left front door sprung, and the right front and left rear tires punctured and blown out. The principal damage of the truck was to the middle and rear part of the left front fender and to its running board and door on the left side. Its front part, including lights, radiator, and bumper, received no injuries whatever.

Considering first the matter of the alleged negligence of the truck driver,

we are of the opinion that he breached his legal duty in not keeping a proper lookout and in not proceeding cautiously in attempting to negotiate the intersection. It is evident that he failed to exercise the required reasonable care for other drivers when he proceeded toward and into the place of crossing at a reckless and rapid rate of speed, and, as the evidence discloses, without watching for and observing approaching vehicles, and particularly plaintiff's car. The Chrysler machine was only a short distance to his left, and with reasonable observance he should and would have seen it.

Defendant's counsel correctly argues that by statute and as a general rule, when two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right is recognized as having the right of way. That right, however, is granted only to him who is operating his vehicle cautiously, prudently, and properly at the time. The truck driver herein forfeited whatever right of way privilege he possessed or was entitled to when he proceeded in an improper, incautious, and reckless manner. We therefore find negligence on the part of defendant's driver, and that such was a contributing cause of the accident.

■■■ In aid of his demands, plaintiff seriously urges and chiefly relies on the applicability of the often applied rule that an automobile which first enters a street intersection is entitled to proceed, and that others approaching should delay their progress so as to permit the first arrival to pass in safety. This rule presupposes, and is conditioned on the proposition, that the vehicle first entering is so far in advance of the other as to indicate that a reasonable time exists for crossing to be made. Ordinarily, and under proper circumstances, the driver of the first arriving vehicle has the right to assume that the other car will proceed cautiously at a proper and lawful rate of speed and will respect the right of priority of approach. There are certain limitations, however, to the above-stated rule. These include the requirements that the first arrival exercise care so that others and their property may not be injured, and that he shall not proceed if he observes an approaching vehicle near enough so as to render it reasonably probable that a collision will result if he does so. Huddy's Automobile Law, vol. 3–

4, § 152; Blashfield's Cyclopedia of Automobile Law (Permanent Ed.) vol. 2, § 994.

■■■ Viewing the facts of the case in the light of the above expressed and discussed doctrine and its limitations, we conclude that plaintiff did not enjoy the right of way, and that he contributed to the collision by not materially reducing his speed or bringing his car to a stop. Before reaching the intersection, he observed the truck approaching a very short distance away and at a rapid rate of speed. In fact, the truck was so near the crossing, being possibly 50 feet therefrom, that an ordinarily prudent person under the same circumstances would have realized that a collision was imminent and inevitable should the Chrysler be projected across and into the truck's path.

Plaintiff cites and quotes from the cases of Lucas Borrello v. Rohrer, 4 La.App. 510, and Hamilton v. Lee (La.App.) 144 So. 249, 253. Those cases are not in conflict with the views herein expressed, for the reason that they involve different factual situations. In neither case does it appear that the defendant's vehicle was observed by the driver of plaintiff's machine, traveling at a rapid speed and in such close proximity to the intersection so as to charge such driver with the realization of a probable collision. In fact, in the Hamilton Case, referring to the operations of plaintiff's driver, we said: "However, she would not be justified if she, acting as a reasonable person, would and should have known that the on-coming car was making excessive speed, and she did not have time to get across."

And further: "It was therefore not negligence for the driver of plaintiff's car to attempt to cross the intersection, *unless the speed of defendant's car was known to her, and the distance of defendant's car from the intersection was so short that a prudent and careful driver should have known of the danger of attempting to cross.*" (Italics ours.)

■■■ It is our opinion that the combined negligence of both plaintiff and defendant's driver caused the collision from which this suit resulted, and that neither of the litigants is entitled to recover.

■■■ Furthermore, this case involves principally a question of fact, and the record, as aforestated, contains much conflicting testimony. It is usual that in cases of this

nature the findings and conclusions of the trial judge will not be disturbed unless patently erroneous. We are unable to say that he erred in rejecting the demands of both parties.

Accordingly, the judgment is affirmed.