### No. 9843.

### Orleans Appeal.

### DAMERON PIERSON CO. v. O. T. STAF-FORD, Appellant.

(January 19, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Municipalities, Par. 225.**

All vehicles approaching intersecting streets from the left shall give right of way to vehicles approaching from the right. No. 9874.

2. **Louisiana Digest, Municipalities, Par. 225.**

This rule applies specially to vehicles arriving at the intersection at approximately the same time.

**(Civil Code, Art. 2315—Editor's Note.)**

Appeal from First City Court, Hon. Leon L. Labatt, Judge.

This is an automobile collision damage suit. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Eugene D. Saunders, attorney for plaintiff and appellee.

Solomon S. Goldman, attorney for defendant and appellant.

CLAIBORNE, J. This is an automobile collision damage suit.

The plaintiff alleges that at about noon on December 29, 1923, an automobile owned by it was proceeding out Fern Street towards the woods; that when it reached Elm Street it proceeded to cross that street; and had reached the middle of the intersection when an automobile operated by defendant, Stafford, came driving down Elm Street in the direction of Canal Street and negligently ran into the rear of petitioner's auto, knocking it completely around and turned it over; causing a damage of $109.26, which plaintiff claims.

The defendant pleaded that the plaintiff was running at an excessive rate of speed; that the chauffeur was not looking and did not sound his horn, while he, defendant, was driving at a slow speed and prudently.

There was judgment for plaintiff for $101.76, and defendant has appealed.

Only three witnesses testified.

O'Rourke, plaintiff's chauffeur, testified that he was driving out Fern Street towards the woods about ten miles an hour; when he reached Elm Street he blew his horn; when he had almost crossed this street, all but five feet, the defendant car, driving down Elm Street towards Canal Street at the rate of twenty-five miles an hour, struck his car on the rear left side, knocked him completely around facing St. Charles Street and upset his car on the right side; plaintiff's car was a Ford half-ton truck and defendant's car was a Ford touring car; the impact broke three wheels, three fenders, one windshield, two side windows and the magneto of plaintiff's car, which was removed by a wrecker to the repair shop.

The other witness for plaintiff testified as to the amount and necessity of the repairs done, and their value, and the correctness of the bill sued on.

The defendant testified that he was driving down Elm Street in a rented car with a governor restraining its speed to 20 miles; he was running at a speed of 12 miles; he saw the plaintiff's car when he got to about 12 or 15 feet from the corner, and the plaintiff was about 30 to 40 feet from the corner of Elm, running "wide open", or 35 miles an hour. Witness says:

"I put on all that I had (meaning brakes). He came on and tried to duck (avoid) me; but he turned his back, when he cut to the right; that throwed his back wheel front and the right side of my bumper caught his back wheel" about the center of the street; "after my car had caught him he pulled me about 15 feet down Fern Street", and there the two cars stopped.

The usual discrepancy occurs concerning the speed of each car. Giving the defendant the full benefit of his own testimony, it is evident that both cars reached the intersection of Fern and Elm at about the same time, since, according to him, the collision took place in the center of the intersection. Under those conditions the plaintiff had the right of way and the defendant should have stopped to allow him to pass. Paragraph C of Section 7 of Ordinance 7490, p. 7, provides:

"On all other streets, and at intersections of right of way streets with one another, all vehicles approaching intersecting streets from the left shall give right of way to vehicles approaching from the right."

Paragraph G of the same section reads as follows, p. 8:

"The right of way herein given shall not be construed to mean that vehicles may be driven through street intersections in a reckless manner or at a speed beyond control nor that they may take advantage of such right of way to drive through intersections regardless of the rights of vehicles on intersecting streets. The right of way given applies only where two vehicles approaching intersecting streets arrive at the intersection · at approximately the same time, and does not authorize the vehicle traveling on the right of way street to disregard the rights of vehicles which have already entered the intersection from an intersecting street."

There can be no doubt that the defendant was traveling "at a speed beyond control". He was driving a Ford touring car and with that lighter car and notwithstanding his brakes he knocked around a Ford half-ton truck, a heavier car, upset it, and demolished so many of its parts that it had to be carried to the shop. That is not contradicted.

That the plaintiff car had "entered the intersection" first, appears from the fact that the defendant struck it in the rear; but even if the plaintiff and the defendant "arrived at the intersection at approximately the same time" the defendant should have yielded to the plaintiff the right ·of way which he had under the ordinance.

We are satisfied that the judgment of the City Court is correct and it is therefore affirmed.