### No. 9874.
### Orleans Appeal.

## NORWICH UNION INDEMNITY CO. v. CHARLES COHEN, Appellant.

(January 19, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Automobiles—Par. 4; Municipalities—Par. 225.**
When two vehicles approach an intersection at about the same time, the one having the right of way is entitled to proceed and it is culpable negligence for the other to attempt to cross.
(Civil Code, Art. 2315. Editor's note.)

Appeal from First City Court, Hon. Val J. Stentz, Judge.

This is a damage suit growing out of an automobile collision.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Eraste Vidrine, attorney for plaintiff and appellee.

Carbajal & Gaudin, Milton De Reyna, attorneys for defendant and appellant.

WESTERFIELD, J. Plaintiff, as subrogee of one H. D. Cothran, the owner of a Cadillac automobile, sues the defendant for damages sustained by the Cadillac car as

the result of a collision with a Chevrolet automobile belonging to defendant.

The defendant denies all negligence on his part and imputes all the fault to the driver of the Cadillac. He reconvenes against plaintiff, claiming compensation for damages to his car. There was judgment for plaintiff and defendant has appealed.

The collision occurred at the intersection of Prytania and St. Andrew Streets in this City. The Cadillac car, driven by a negro chauffeur, was proceeding up Prytania Street in the direction of Audubon Park and the Chevrolet, driven by defendant, was crossing Prytania Street at St. Andrew and proceeding in the direction of the river. There is the usual conflict of testimony as to the speed of the colliding vehicles. The Cadillac is said to have been traveling 35 to 40 miles per hour by defendant and two of his witnesses. This is denied by the chauffeur of the Cadillac and a witness by the name of Hannon, who put the speed of the Cadillac at from 18 to 20 miles per hour. It appears that the Cadillac had a short while before the collision injured a child and the injured child was in the car in the arms of the witness Hannon, a by-stander who had been asked to accompany the child to the Touro Infirmary where it was proceeding at the time of the accident. This circumstance, it is claimed, tends to corroborate the testimony concerning excessive speed, since, it is argued that it was natural for the Cadillac to hasten to the hospital under the conditions. It might also be said that the presence of the injured child in the car would induce caution in the driver who had just experienced an accident.

The defendant, driving his own car, claims to have stopped, looked and listened before entering the intersection of Prytania Street, and the fact is established by the evidence. Having stopped and looked he should have seen the Cadillac in Prytania Street and to have allowed it to pass before crossing. His attention seems to have been focused on a Ford truck which was coming down Prytania Street in the opposite direction to the course of the Cadillac. He says that he did not see the Cadillac and that his vision in that direction was affected by the fact that there is a bend in Prytania Street as it approaches St. Andrew. He had only driven six or seven feet when struck by the Cadillac. The evidence is to the effect that the bend in Prytania Street is some distance below St. Andrew and that clear vision is possible for quite a long way down the street. If defendant looked in that direction as he should and as the record shows that he did, he will be presumed to have seen what he could have seen, the Cadillac car, and his entering the intersection under the circumstances was culpable negligence.

In Gibbons vs. Terminal Co. et al., No. 8738 Orl. App. we said:

"But plaintiff says that he looked but did not see any train on the track. That is his fault or his misfortune. The law is not satisfied with a plaintiff looking and not seeing; he must look at such a time and in such a manner as he may see things as he should have been if he had looked properly. The presumption of law, juris et de jure, is that a plaintiff saw a thing he should have seen had he looked, and that he failed to look at the opportune time and in the proper manner if he did not see the things he should have seen by looking properly. Kelly vs. Schmidt & Zeigler, 142 La. 91, 76 South. 250; Huddy on Autos, p. 397, Sec. 336."

The Cadillac had the right of way and while that fact could not excuse reckless driving or gross carelessness, we can not on this record conclude that the driver of the Cadillac was driving recklessly or carelessly. The two cars were approaching the intersection at about the same time. Defendant says he had only progressed six or seven feet when struck. It was defend-

ant's duty to have given way to the Cadillac car.

On the question of quantum which defendant contends was not sufficiently proven, we think the evidence sufficient.

For the reasons assigned the judgment appealed from is affirmed.