No. 9871.

Orleans Appeal.

MRS. BERTHA KAUFMAN STERN v. YELLOW CAB COMPANY, INC., Appellant.

(May 11, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Municipalities—Par. 221, 225.**

Under Ordinance C. C. S. 7490 vehicles traveling upon a street upon which there are street car tracks have the right of way; and it is the duty of all vehicles approaching said street from intersecting streets before crossing the same to come to a full stop.

Appeal from First City Court, Hon. Leon L. Labatt, Judge.

This is a damage suit resulting from a collision of automobiles. There was judgment for plaintiff for $284.00 and against defendant dismissing its reconvention demand. Defendant appealed. Judgment affirmed.

Gordon Boswell & Milo Williams, attorneys for Plaintiff and Appellee.

John P. Sullivan, Dave Sessler, attorneys for Defendant and Appellant.

CLAIBORNE, J. This is a damage suit resulting from a collision of automobiles.

The plaintiff alleged that on December 7th, 1923, at about 7 o'clock P. M., her chauffeur was driving her automobile down Freret Street in the direction of Canal Street; that when she reached Robert Street, a taxi-cab driving towards the Lake struck the right side of her automobile and pushed it out of its course and caused it to run upon the sidewalk of down-town lake corner of Freret and Robert Streets and against the corner building; that as a result of said collision plaintiff's car was damaged to the extent of $284, and she was deprived of the use of her car at an expense of $10; that there was a street car track upon said Freret Street; that by Ordinance 7490 of the City Council vehicles traveling upon said street had the right of way, and that it was made the duty of all vehicles approaching said street from intersecting streets before crossing the same to come to a full stop; that the defendant was traveling at a rapid rate and failed to stop before crossing the intersection and by reason thereof was negligent and caused the damage.

Defendant denied each allegation of plaintiff's petition except the collision, but specifically averred that it occurred through the negligence of plaintiff's chauffeur, who was driving at an excessive rate of speed.

And assuming the character of plaintiff in reconvention the defendant claimed $239.47 and alleged that when its taxicab reached the corner of Robert and Freret Streets, it was struck by the plaintiff's car and damaged to the extent of $119.47 and was laid up for repairs for six days at a loss of $20 a day or $120.00.

There was judgment for plaintiff for $284.00 and against defendant dismissing its reconventional demand.

From this judgment the defendant has appealed.

The admitted facts are that the plaintiff's car was driving down Freret Street in the direction of Canal Street; that there are two car tracks on that street and that plaintiff was driving down the track nearest the River; and that Ordinance 7490 gives vehicles traveling on such streets the right of way and makes it the duty of all vehicles approaching said street to stop before crossing it.

It is also established that defendant's cab was running down Robert Street in the direction of the Lake and that when it reached the intersection of Freret Street its cab collided with plaintiff's car.

The mooted questions are: First, who ran into the other; and second, whose fault was it.

First. The evidence leaves no doubt in our minds that the defendant's cab ran into the plaintiff's car.

Plaintiff's chauffeur swears to it.

John Williams, an eye witness, swears to it.

Louis McLaughlin, a mechanic who repaired the car after the collision, testifies that the whole right side of the car was dented and had a hole in it in the back of the car and the right rear fender was bent, all smashed in, and the tire carrier in the back of the car, and the handle on the lock was broken.

It is true that two witnesses for the defense testify that the car ran into the cab,— viz., Mrs. Delaossa and Dexter Williams. The testimony of the former is impossible to believe. She says that when the cab reached Freret Street it stopped within one foot of the car track, and that plaintiff's car then swerved towards the cab on the right "and it was traveling in the car rails going downtown, and on swerving he hit the cab, and as it hit the cab, it ran the cab ten feet along the car rails; it changed the direction of the cab, turning the cab down the Freret car tracks towards Canal Street, and etc."

The manner of the accident as described by this witness is impossible. If the cab had stopped before it reached the track, it was impossible for the car which was running upon the track to have struck the cab, which was not upon the track, but one foot away from it.

The next witness is Dexter Williams. His testimony shows that he is not certain of what he swears to. He cannot say whether the cab stopped or not; all he knows is that he heard brakes squeak, and he imagined by that that the cab stopped; he saw plaintiff's car in the car track when it hit the defendant's cab; he did not see plaintiff's car turn to the right.

The weight of the evidence is that defendant's cab hit plaintiff's car.

Second. The plaintiff's chauffeur swears that he did not see defendant's cab until it ran into him.

Williams swears that the defendant did not stop.

Charles F. Fletchinger, a member of the bar, testified that the defendant's chauffeur stated, immediately after the accident: "That he was going between 15 and 18 miles an hour when he reached Freret Street."

P. J. Kelly, Jr., testified as follows: "We asked the chauffeur of the taxicab about what rate of speed he approached Freret Street. He said he was going about 18 miles an hour," and we also asked him if he knew there was a car line on Freret Street, and he said he did not."

We consider it established, therefore, that the defendant did not stop.

The chauffeur of the taxi, Hill, did not testify. On the date of the trial he had left defendant's employ and the defendant could not find him to summon him.

There had been a strike of defendant's chauffeurs.

A. The regularly employed taxicab drivers quit their jobs.

Q. And you filled their positions with other men?

A. Yes, sir.

Q. And Hill was one of those other men?

A. Yes, sir.

Second. Whose fault was it?

It would practically make no difference who ran into the other. The plaintiff had the right of way. She reached the intersection first, for the collision took place near the downtown corner of Robert Street and near the River side of Freret Street, just as the defendant was reaching the intersection.

But the evidence of plaintiff's own witness, Mrs. Delaossa, is that one standing on Robert Street 30 feet from Freret, can see one whole block up Freret Street up to Soniat Street without obstruction. When defendant reached Freret Street, he should have stopped, looked and listened; if he had done so, he would have seen the plaintiff coming down. As the plaintiff had the right of way, she had a right to presume, even if she saw the defendant, that he would stop and grant her the right of way. The defendant violated the ordinance and, in accordance with the jurisprudence of this Court, it must stand the consequences. There is no evidence that the plaintiff could have avoided the accident.

Judgment affirmed.