No. 9,920
Orleans

CYRIAQUE ROY AND WIFE v. LEON ISRAEL, Appellant

(November 30, 1925, Opinion and Decree.)
(January 4, 1926, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest — Automobiles — Par. 4 (c), 7 (a).**
Where a trolley car traveling on a two-way street has stopped at an intersecting street corner to discharge a passenger leaving the front of the car, it is negligent for the driver of an automobile, while trailing the car, to pass around and to the left of it. Under such circumstances, the passenger suing the driver may recover damages notwithstanding the fact that as a pedestrian she has elected to cross the street or roadway at a point in front of the car rather than upon the intersecting street in the rear of the car.

2. **Louisiana Digest—Automobiles—Par. 4.**
Those who travel in motor vehicles owe reasonable care even to jay-walkers.
(Civil Code Art. 2315. Editor's note.)

Appeal from the Civil District Court, Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is a suit for damages for physical injuries to a child arising out of an automobile accident. The plaintiffs sue in their own behalf and for the use and benefit of their minor child. The defendant makes counter charges of negligence. There was judgment for plaintiffs and defendant appealed. Plaintiffs asked for an increase in judgment.

Judgment affirmed.

Guion and Lambremont, of New Orleans, attorneys for plaintiffs, appellees.

John May, of New Orleans, attorney for defendant, appellant.

BELL, J. Plaintiffs sue defendant on their own behalf and for the use and benefit of their minor child in the sum of $2,000.00, claimed as damages for physical injuries and loss of employment, resulting from an automobile accident which occurred in the City of New Orleans on the late afternoor or evening of October 10, 1923, at the corner of Dumaine and N. Gayoso Streets.

The litigants make counter charges of negligence based upon alleged violations of the city traffic ordinances. The facts in relation to the accident are practically undisputed.

There was judgment for plaintiffs in the sum of $500.00.

Answering defendant's appeal, plaintiffs now pray that the judgment be increased to the sum of $1000.00.

Mary Roy, plaintiff's daughter, while employed at the rate of $15.00 per week, was returning from her work on the day of the accident as a passenger in a street car. The car stopped at the corner of Dumaine and N. Gayoso streets for the purpose of discharging her and other passengers. She alighted from the front of the car as it faced out Dumaine street towards the lake, and immediately from that point, some 35 or 40 feet from N. Gayoso street, she proceeded, while facing the upper or south sidewalk of Dumaine street, to cross over the upper roadway of Dumaine street. She had nearly reached the sidewalk curbing when struck by the left front wheel of defendant's automobile, which caused her to be thrown or knocked down into the street and against the curbing. Defendant's automobile had been following behind the trolley car for several blocks. When the car stopped at the upper corner of Dumaine and N. Gayoso streets, defendant did not bring his automobile to a stop or await the discharage of passengers from the car, but proceeded around the car to its left and into the upper roadway of Dumaine street, to the point of the accident. He does not seem to have

seen the girl at any time prior to striking her, although he says he was quite certain there was no vehicle between his car and the point of the accident. It does not appear that he gave any signal of his approach while turning into the upper roadway; none of the four or five witnesses present at the time and place of the accident are able to say that they heard any horn blown, and defendant himself does not testify that he gave such a signal. His account of the accident is briefly stated as follows:

"Q. State to the court what happened.
"A. On October 10, 1923, about 6:30 in the evening, I left my place of business and drove out Orleans to Broad, Broad into Dumaine; at the intersection of Dumaine street there was a street car, that is, on the other side, and I trailed the street car, stopping at each corner until I got to the intersection of Gayoso street, and I swerved the car to the left-hand side of the street car; seeing the way clear, I continued on my journey. I was just about six feet from the front of the street car when a human form appeared before my car and I struck her with the left front fender."

We find, from the facts in this case, that defendant was guilty of negligence in several respects. The traffic ordinances of the city of New Orleans, known as C. C. S. 7490, which went into effect on October 1, 1923, nine days before the accident in question, contain the following pertinent provisions:

Art. 1, Sec. 10, par. (e):

"No vehicle shall pass a street car while same is stopped or about to stop to take on or let off passengers, except on the following streets, when the speed of the vehicle shall be reduced in passing cars about to receive or discharge passengers:" (Streets designated, but Dumaine street not listed). "All one-way streets, provided vehicles shall pass to the left of the street car at a greatly reduced speed."

Art. 1, Sec. 15:

"The following are designated one-way streets, and traffic shall move on said streets only in the direction herein designated: * * * Dumaine street, west, Decatur to N. Rampart."

We first note, in considering the foregoing provisions of the ordinances, that Dumaine street is not a one-way street further west than North Rampart, and it follows, therefore, that at the place of the accident, which was on Dumaine street, near the corner of N. Gayoso street, several blocks west of North Rampart street, that Dumaine street was a two-way street. Defendant was therefore violating the rules of traffic while driving west or toward the lakeside of the city to have at any time driven to the left of Dumaine street. Furthermore, defendant violated Section 10 of Article 1 by failing to come to a full stop immediately behind the street car while he was on Dumaine street in that portion of the street, which was a two-way street. Furthermore, defendant violated the ordinances in failiing to give a warning of his approach while attempting to violate the traffic rules in the respect already noted. We must assume that he knew the law, and if he elected to violate it it was his duty to at least give a signal of his approach.

On the other hand, defendant contends that, under Article VII, Section 3, of the traffic ordinances, his vehicle had a right of way over pedestrians, between street intersections, and further, that jay-walking, under Section 4 of the same article, is prohibited. This latter section reads as follows:

"Pedestrians shall cross streets only at right angles and at street intersections, and shall not cross street intersections diagonally."

It is true that if plaintiff's daughter had been more cautious she would not have

elected to cross Dumaine street from a point directly in front of the street car from which she had alighted, but would rather have returned some 35 feet toward N. Gayoso street, and at that point negotiated the crossing in her attempt to reach the south or upper sidewalk of Dumaine street. However, she had a right to presume, even from the point at which she stood before stepping into the street, that no motor vehicle could be approaching her from her left side, the traffic direction at that point being from the lake to the river, or from her right side. She was also entitled to some signal or notice from the defendant that he was attempting to pass on that portion of the street which was not open to him under traffic regulations. We also are inclined to believe, from the facts of this case, that the young lady had all but reached the sidewalk towards which she was traveling, and we cannot believe that in this situation defendant was. unable to see her had he looked for any object on that side of the road, before or after entering into it.

For these reasons, we are of the opinion that defendant was grossly negligent in the respects noted, and that the proximate cause of the accident was attributable to such negligence. The judgment against him was correct.

Able counsel for defendant has argued that, even if defendant was negligent in violating any of the traffic laws, plaintiffs' daughter was likewise so, and that she had the last clear chance to avoid the accident. We do not subscribe to this view of the case. On the contrary, we are satisfied that from the moment defendant swerved into the upper side of Dumaine street he had a clear view of the roadway, for he says himself: "Seeing the way clear I continued on my journey." Applying the doctrine announced by this court in Gibbons vs. Terminal Company,

et al., 1 La. App. 371, and Norwich Union Indemnity Company vs. Charles Cohen, 1 La. App. 512: the defendant, in the instant case, having looked, should have seen the young lady who was undoubtedly in the roadway for a time long enough for him to have brought his car to a full stop before hitting her. The fact that she was a pedestrian momentarily in the wrong path assigned to her by the traffic laws did not relieve the defendant of the care due her or any other pedestrian under similar circumstances. Latham vs. Umbach, 9785 Orl. App.

We find that the last clear chance to avoid this accident was with defendant rather than with the injured one.

We are asked to increase the quantum of damages allowed, but we do not feel justified in doing so for the reason that the injuries suffered by plaintiffs' daughter do not seem to have been more than severe contusions, nor to have existed much more than a month after the accident. Dr. Roy Harrison testifies that he examined the young lady on November 23, 1923, at his office in the Hibernia Bank Building; that he made a complete examination of her back and, he believes, of her right leg, those portions of her body which appear from her evidence to have been injured. This witness says that the examination was negative, that though the young lady walked with a limp he found no evidence of physical disability or traumatism, and that he found nothing to indicate that she was justified in limping. Other evidence found in the record satisfies us that the young lady has recovered completely from the physical disabilities sustained, and that her injuries, while temporarily painful, were in no manner serious. Believing that she was able to return to work within a month or six weeks after her accident, and that it was not the physical injuries which prevented her from so doing, we are not

disposed to award her damages for loss of employment beyond that time. We think the damages as allowed are fair and reasonable, and that same should not be increased.

It is therefore ordered that the judgment appealed from be affirmed, at defendant's cost, in both courts.