No. 9753
Orleans

**FIREMEN'S INSURANCE CO. v. BROOK TARPAULIN CO., INC., Appellant**

(March 1, 1926.   Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana   Digest—Corporations—Par. 210, 212.**

In suits against corporations since Act 267 of 1914, it is not essential that citation should be served within the time of prescription in order to interrupt prescription; the mere filing of the petition is sufficient.

2. **Louisiana   Digest—Automobiles — Par. 4 (d).**

Where the violation of a city ordinance regulating traffic is the cause of a collision, the party violating the ordinance must pay the damage.

**(Civil Code, Article 2315.  Editor's note.)**

Appeal from Civil District Court, Hon. E. K. Skinner, Judge.

This is a suit for damage done to an automobile in a collision. The defendant pleaded the prescription of one year. There was judgment for plaintiff and defendant appealed. Judgment affirmed.

M. M. Boatner, E. J. Jacquet and M. H. Manion and H. W. Kaiser of New Orleans, attorneys for plaintiff, appellee.

Carroll and Carroll, H. G. McCall and A. J. Plough of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.   This is a suit for damages done to an automobile in a collision.

Plaintiff alleged that on November 14th, 1919, an automobile belonging to the United States Shipping Board was proceeding along the right hand side of the roadway next to the wharves going downtown in the direction of Canal Street; that when

said automobile reached the intersection of Eighth Street an automobile truck, belonging to the defendant, Brook Tarpaulin Company, Inc., came out of Eighth Street at a high rate of speed without sounding its horn or checking its speed and turned to the right in the direction of uptown, and collided with the left front wheel of the car of the shipping board and inflicted damage upon it to the extent of $434.19; that plaintiff had insured the car of the shipping board and paid the loss to it and was duly subrogated.

The defendant pleaded the prescription of one year.

The accident happened on November 14th, 1919; the suit was filed against the defendant corporation on November 13th, 1920, less than one year after the accident, although the citation was served only on the 17th. Prescription had not accrued according to Section 27 of Act 267 of 1914, p. 521 (534), which reads as follows:

"That in all suits against corporations, whether foreign or domestic, all prescriptions against corporations shall be interrupted by the filing of the suit in the Court having jurisdiction of the action against the corporation."

In the case of Bank vs. Board, 145 La. 641, 82 South. 732, the Court, interpreting the above Act, said, on p. 644:

"It is not necessary that citations to corporations should be served within the prescriptive period to interrupt the running of the prescription. The plea of prescription should have been overruled."

In that case the petition was filed before prescription had accrued, but the citation was served the day after.

For answer the defendant denied all the allegations of plaintiff's petition. Further answering, it averred that the automobile belonging to the shipping board at the time of the collision was being driven near the left-hand side of the roadway and not on the right-hand side, as alleged in plaintiff's petition, and that when said automobile reached the corner of Seventh street, and not Eighth street, it ran into and collided with defendant's truck; that defendant's truck was proceeding along Seventh street in the direction of the river very slowly and that the driver sounded his horn and tried to avoid the collision, which was due entirely to the negligence of the driver of the automobile.

There was judgment for plaintiff, and defendant has appealed.

The accident occurred on the roadway fronting the river.

The roadway at that point is about 23 feet wide. On both sides of the roadway there were stacked barrel staves to the height of eight or ten feet.

Plaintiff's car was an Oldsmobile roadster; at the time of the accident there were three occupants in plaintiff's car; all three seated upon the front seat, viz.:

W. R. Buoch, at the time of the accident, driver for the U. S. Shipping Board, but at the time of the trial of this case "not doing anything"; 2nd, J. L. Cunningham, machinery inspector for the U. S. Shipping Board; and, 3rd, F. M. Kirschmier, chief time and material keeper for the U. S. Shipping Board. All three occupants testify that between 10 and 11 o'clock a. m. they were driving downtown toward Canal Street on the front river road at about 10 or 12 miles an hour at about five feet from the extreme right of the road, and that when they approached the corner of Washington Avenue they reduced their speed to about five miles an hour, both on account of the crossing and because they intended to stop at about 100 feet beyond Washington Avenue to put off Cunningham, who was on his

way to inspect a ship; that when they got some few feet from the corner, they perceived defendant's truck running at a rapid speed emerging from the uptown wood side corner of Washington Avenue on the right side of the street within a few feet of the side walk curbing; that they immediately blew their horn; but that the defendant gave no signal of its approach; that the defendants' truck was long and heavy; that it turned into the roadway going uptown; but that instead of making a short turn to the right, which it could not do, on account of its length, it described a wide arc and, driving to the river side of the roadway, ran into the left side of plaintiffs' car, smashing it and injuring the passengers.

Three witnesses testified for the defendant:

1st.    Alphonse Giles, chauffeur for the defendant;

2nd.    Joshua Sanders, employed by the defendant for at least 27 years;

3rd.    George A. West, a police officer for the last 18 years.

Giles was driving the truck on the day of the accident. He says that the accident happened at the corner of Seventh and the River or Front road; that the truck was loaded with 75 splash cloths; that he was driving on second speed, four miles an hour; the maximum speed of his truck is 13 miles; that he was driving in the center of Seventh Street; he could not see anything coming down the roadway on account of the staves piled up at the corner of Seventh and roadway; plaintiff's car was coming down "over fifteen miles or more"; he blew his horn when he got near the corner; he heard no horn from plaintiff's auto; the crank case of his truck was hit by the auto and broken; the left front wheel of the auto struck his truck;

he had been driving that truck six months; his truck is of one ton; plaintiff's auto was more to the left hand side, about five feet from the staves; the accident could have been avoided if the auto had been driven to the right of the road, where he could have seen it; going four miles in second speed, he could stop his truck in five feet.

Joshua Sanders was seated on the right hand of Giles; he corroborates Giles as to the place of the accident, the speed of the truck, that Giles had sounded his horn, that plaintiff was driving to the left of the road, about five feet from the staves; he did not hear any horn from plaintiff; the plaintiff ran into the truck; he did not see the auto until it ran into the truck; he talked the matter over with Giles and with defendant's attorney and kept a record; the auto struck the truck head on; the right hand side of the truck was struck by the left hand side of the auto.

Officer West testified that he saw the accident, that he was a block away on the wharf; his attention was attracted when he heard the collision; the plaintiff's car was coming down on the left hand side of the roadway; he does not remember what damage was done to the truck; it is all told in a detailed report of the accident made by the police; the Shipping Board car was damaged on the right hand side right in the middle; the Shipping Board car was damaged to the front; it hit the Shipping Board car on the side; it ran into the truck.

The testimony of this last witness is not reliable. He states that the plaintiff's car ran into the truck, and yet that the right side of the car was damaged in the middle. He is candid enough to admit that he does not remember and refers to the police record. The trial judge attached no weight to his testimony, neither

do we. The judge says in his reasons for judgment "that the preponderance of the evidence is in favor of the plaintiff, also by the greater credibility of its witnesses." His opinion on that question of fact is of great weight. We cannot say that his judgment was wrong.

But whatever contradiction and doubt might exist as to which one of the auto or of the truck ran into the other, and as to what side of the street the plaintiff was running, on the left or upon the right, one fact is established beyond question, and that is, that the defendant was running out Seventh Street or Washington Street to the intersection of the roadway or Front Street, and that the plaintiff was on his right going down town towards Canal Street, and that both the plaintiff and the defendant reached the intersection at about the same moment of time; under those conditions the plaintiff had the right of way, which the defendant was bound to see and to yield. No. 10227 Ct. App. If the defendant was driving at the rate of four miles an hour, and if he could stop his truck within five feet going at that rate, to both of which he testified, he could and should have seen the plaintiff in time to have avoided the accident.

Paragraph 8 of Article 1 of Ordinance No. 5181 C. C. S., promulgated August 6th, 1918, offered in evidence, reads as follows:

"On all other streets and at intersection of above streets and avenues all vehicles shall have right of way over other vehicles approaching on intersecting streets from the left and shall give the right of way to those approaching from the right."

We have repeatedly decided that where the violation of a City Ordinance regulating traffic is the cause of a collision, the party violating the ordinance must pay the damage. Orleans Appeal, Nos. 7891, 8191, 8232, 8245, 8249, 8250, 8297, 8820, 8905, 9205.

It is immaterial whether the accident happened at the head of Seventh Street or Washington Avenue, as the testimony relative to the place of the accident was admitted without objection.

The correctness of the items of damage allowed by the judgment was established by the testimony of H. A. Chayer.

The judgment appealed from is correct and it is therefore affirmed.