EMPOLYERS' CASUALTY CO. v. HENRY

MAECKLIN, JR.

———

(November 2, 1926, Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Automobiles—Par. 4,
   4 (d).**

The driver of an automobile, proceeding
   at a reckless speed with his car out
   of control through the city streets, will
   be held exclusively responsible to the
   owner of a building for damages
   caused by his sudden turning to the
   left and driving across the banquette
   and into the building, notwithstanding
   the fact that the turn to the left was
   occasioned by the negligence of the
   driver of a motor truck parked on the
   wrong side of the street and backing
   into traffic and across the path of the
   automobile, when it appears that, but
   for the reckless speed of the automo-
   bile, the accident could have been
   avoided.

Appeal from First City Court, Hon. Val
J. Stentz, Judge.

Action by Employers' Casualty Co.
against Henry Maecklin, Jr.

There was judgment for plaintiff and
defendant appealed.

Judgment reversed.

Lemle, Moreno & Lemle, of New Orleans,
attorneys for plaintiff, appellee.

Milner & Porteous, of New Orleans, at-
torneys for defendant, appellant.

WESTERFIELD, J. This is a suit for
$228.00 brought by plaintiff, as subrogee

of William Terry, against defendant, for
damages, alleged to have been caused by
defendant's automobile.

From a judgment as prayed for defendant
has appealed.

Defendant is the owner of the Swiss
Confectionery, and his responsibility for
the damages claimed is alleged to arise
under the following circumstances:

A motor truck operated by the Swiss
Confectionery was parked on the left-hand
side of Chartres street, between Press and
St. Ferdinand streets, in front of a build-
ing owned by William Terry. Walter M.
Duffourc was driving his Dodge Sedan
down Chartres street and as he ap-
proached the truck operated by the Swiss
Confectionery, it began to back across the
path of the Dodge Sedan. Duffourc, in or-
der to avoid a collision with the truck,
turned to the left, and, crossing the
sidewalk, ran into the Terry Building, with
the result that it was damaged in the
sum claimed. Plaintiff company, which
had issued its policy to Duffourc, covering
property damage caused by his automobile,
paid Terry and took a subrogation.

The question is whether the damages
sued for were occasioned by the fault of
the driver of defendant's truck, or by
Duffourc, the owner and driver of the
Dodge Sedan. The fact that plaintiff is
the subrogee of Terry, a third person, can
not alter the situation because defendant
can only be held for damages due to his
fault, no matter who suffered the damage.
Obligations arise from contracts and quasi
contracts and from offenses and quasi
offenses.

The driver of defendant's truck was
guilty of negligence. He violated the
traffic ordinance in at least one important
particular. He parked his truck on the

left side of the street with the left side of his truck nearest the curb. Ord. 7490 C. C. S., Art. 3, Par. 3. He may have violated other sections of the ordinance by attempting to turn around and by failing to extend his arm in a horizontal position as a warning of his intention to drive out into a stream of traffic. See Art. 1, Par. 6, and Art. 1, Par. 2, of the Ordinance. However, the evidence conflicts in this regard. Suffice it to say that defendant was negligent. In the view we have of the case it is immaterial whether in one or more particulars.

We have next to inquire whether defendant's negligence was the cause of the accident, for it is only in that event that defendant can be liable. Belocq vs. Hotel DeSoto Co., No. 8569 Orl. App.; Mitchel Bros., Inc., vs. Chas. Mallynn, 3 La. App. 69; Huddy on Automobiles, 6th Edition, p. 468.

Duffourc's car, the Dodge Sedan, according to the testimony of its driver, was coming down Chartres street at ten miles per hour and when within twenty or twenty-five feet of the defendant's truck, the truck began to back out. The speed was exceptionally slow we are told because the street was covered with "stick tar". If this testimony evidence is believable then Duffourc was alone to blame for the trouble because he had ample opportunity to stop his car and it was unnecessary to drive to the left and into Terry's building. Huddy on Automobiles, 6th Edition, Sec. 411, p. 480. A mechanic testifying in plaintiff's behalf said a car going ten miles per hour could be stopped in less than ten feet. But we can not believe this evidence, and we find Duffourc exclusively responsible for reasons yet more evident. He was driving at a reckless pace and his car was not under control. Some witnesses estimate his speed at 20 and others at 30 miles per hour. Such estimates are only guesses at best. The physical facts in relation to the career of the Dodge car after discovering the truck was in its path and after turning to the left to avoid a collision with the truck are more convincing and are eloquent of great speed. An automobile, which, like the Dodge in this case, runs over an eleven-inch curb, across an eight-foot sidewalk and over another curbing ten inches high protecting a flower bed, and into Terry's building, knocking off the weatherboarding and a sliding door, and bowls over a 12x12-inch post before coming to rest, notwithstanding the effort of the driver to stop it, may fairly be charged with excessive speed and said to be out of control.

In Giardina vs. Massaro et al., 9648 Orl. App., a case strangely similar to the present one, we said:

"Where a Ford automobile collided with another Ford automobile at a street crossing and after the impact jumped the curbing, proceeded along the sidewalk, knocked down a door of a grocery store, injured a pedestrian and was finally brought to a stop by steps on the sidewalk, the circumstances are so persuasive of excessive speed as to require strong proof to establish the contrary."

Under the circumstances and for the reasons assigned the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's demand.