BURAS v. SOUTHERN COFFEE MILLS, LTD.

___

(July 1, 1929. Opinion and Decree.)
(October 21, 1929. Rehearing Refused.)

___

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellant.

Gordon Boswell, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This suit results from a collision between a Studebaker sedan and a half-ton Ford truck, at the intersection of Third and Dryades Streets at about 9:30 A. M. of May 25, 1928. Plaintiff, the owner of the Studebaker sedan, sues for damages to his automobile which, it is admitted, amounted to the sum of $710.

There was judgment below in favor of defendant dismissing plaintiff's suit and plaintiff has appealed.

Plaintiff's car, which was in charge of a negro chauffeur by the name of Clarence Wills, was being driven out Third Street in the direction of Lake Pontchartrain. Defendant's truck was proceeding down the car track in Dryades Street, in the direction of Canal Street.

Dryades Street has the right of way over Third Street. It was the duty of the driver of the Studebaker to have stopped

before entering the intersection. Belden vs. Roberts, 3 La. App. 338; Stern vs. Yellow Cab Co., 2 La. App. 273.

Wills admits that he did not stop before entering the intersection, but claims that he came almost to a stop, and looked in the direction of the Ford truck, which, he says, was a half of block away, and considering that there was sufficient time to cross Dryades Street, entered the intersection in low gear and was struck in the rear, after he had almost completed the crossing. He attributes the accident to the excessive speed of the Ford truck. On the other hand, defendant's witnesses testify that the Ford truck was traveling at a moderate rate of speed and the Studebaker very fast.

The driver of the Ford truck, who, at the time of the accident, was in defendant's employ, was not produced as a witness though an effort was made by defendant's counsel to subpoena him.

After reviewing the testimony of all the witnesses we have reached the conclusion that the accident was due to the fault of Clarence Wills, the driver of plaintiff's Studebaker. We have been influenced by the following considerations:

After the accident the Ford truck was turned over on its side and was found almost at the scene of the accident. The Studebaker, however, proceeded on its way about 100 feet further, having turned over two or three times and when it finally came to rest it was on its wheels and completely turned around, facing the direction from which it came. It is evident that the Studebaker was traveling very rapidly and could not have been slowed down to low gear before entering the intersection. It follows that Wills was mistaken when he testified that the Ford truck was a half block away as he started to cross the street, for the reason that, at the speed he was traveling, he would certainly have cleared the intersection if the Ford truck was that far distant. It seems to us that Clarence Wills was driving very fast and that he attempted to cross the street when the Ford truck was almost upon him, or, as the trial judge puts it, he tried to "beat it across." See Employers' Casualty Co. vs. Maechlin, 5 La. App. 140; Fetter vs. Torre, 1 La. App. 766; Geddes vs. Simkins, 4 La. App. 125.

The defendant's truck had the right of way and should have been allowed to proceed. Norwich Union vs. Cohen, 1 La. App. 512; Belden vs. Roberts (supra).

The trial judge found that the accident was due to the fault of the driver of plaintiff's car and we are of the same opinion.

For the reasons assigned the judgment appealed from is affirmed.