MRS. CECELIA PLICK, Wife of Frank A. Adams, and FRANK A. ADAMS v. ANTHONY TUSA, Doing Business under the Trade Name of Tusa Brothers, and JAMES MARTIN

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

Normann, Breckwoldt & Schwartz, of New Orleans, attorneys for plaintiffs, appellants.

Gordon Boswell, of New Orleans, attorney for defendants, appellees.

HIGGINS, J. Plaintiffs, as mother and father, enter suit against defendants for damages for the death of their minor son upon whom they were partially dependent for support. Defendant denied liability on the ground that the deceased's death was due to his own fault, and pleaded contributory negligence.

There was judgment in favor of the defendants, dismissing plaintiffs' suit, and plaintiffs appealed.

This case presents only issues of fact.

The record shows that, on December 23, 1926, at 4:30 p. m., plaintiffs' son, colored, aged 20 years, was driving a taxicab in the direction of the river, on Peniston street, which is a one-way street in the direction of the river. At the same time, James Martin, colored, aged 20, was driving defendant's one-ton Ford truck downtown on Carondelet street. Carondelet street was a two-way street, where automobile traffic was heavy. Both of these streets are approximately the same width. The taxicab and the Ford truck reached the intersection of Peniston and Carondelet streets at or about the same time. The drivers of both machines entered the intersection at a fast rate of speed. Due to the fact that another truck was proceeding on Peniston street, in the direction of the river, at the time, when the taxicab reached the intersection of Carondelet street it was necessary for the taxicab to pass to the left of this truck. Thus, this truck on Peniston street was between the taxicab and the Ford truck which was proceeding down Carondelet street, and would tend to intercept the views of both drivers and thus prevent them from seeing each other's machine. When the taxicab reached a point approximately eight or ten feet from the river side of Carondelet street, on the left or downtown side of Peniston street, the Ford truck struck the taxicab on the right side, about the middle. The taxicab then continued out Peniston street in the direction of the river, and came to rest facing in the direction of the way it had come, after having turned over on the downtown or left side of Peniston street, partly on the street and partly on the sidewalk, and

across the gutter, approximately 30 feet from where the accident occurred. As a result of the collision the right rear door and fender of the cab were torn off, the right rear wheel turned under the cab, and the rear body bolts were sheared from the chassis. The driver of the taxicab was thrown from his car and suffered a broken neck and other internal injuries which resulted in his death almost immediately. The entire front end of the Ford truck was smashed in, and it turned and faced in the direction from which it had come, and turned over on its left side in the intersection of Peniston and Carondelet streets, near the downtown river side corner of the two streets.

It is the contention of the plaintiffs that the accident was caused solely by the fault of the driver of the Ford truck, as the taxicab had reached the intersection first and therefore had the right of way.

It is the contention of the defendant that the deceased was solely at fault, as the truck had reached the intersection first and therefore had the right of way, and in the alternative that the deceased was guilty of contributory negligence.

There were certain photographs introduced in evidence, which show that there are palm trees on the uptown, lake side of Peniston street, which intercepted the views of the drivers of both machines and prevented them from seeing the approach of each other's machine until they nearly reached the intersection, but regardless of the fact that their views were intercepted by the palm trees, and also by the other truck between them, both drivers entered into the intersection at an excessive rate of speed.

We are convinced that both machines were running at an excessive rate of speed at the time of the accident, because of the extent of the damage to both machines. The photographs introduced in evidence show the entire front of the Ford truck demolished, including the two front wheels, radiator, front springs, both front fenders, both headlights and the hood, as well as the dash board and windshield. The testimony in the record as to the extent of the damage to the taxicab shows that the right rear door and fender were completely knocked off the machine and found on Peniston street near the scene of the accident. The rear body bolts were sheared off completely, severing the body from the chassis of the machine, the right rear wheel was bent under the cab, and that it ran some thirty feet after the collision and turned over on the downtown side of Peniston street, partly on the sidewalk and partly in the street astride the gutter. The evidence also shows that the impact was sufficient to almost stop the Ford in its tracks and caused it to be turned over on its left side and faced in the direction of Napoleon avenue, the opposite direction from which it had come.

Under the ordinance of the city of New Orleans and the decisions of this court, vehicles approaching intersecting streets from the left shall give right of way to vehicles approaching from the right, and this rule applies especially to vehicles arriving at an intersection at approximately or the same time. Dameron-Pierson Co. v. Stafford, 1 La. App. 506; Firemen's Ins. Co. v. Brook Tarpaulin Co., 3 La. App. 502.

The evidence shows that there was a "slow" sign painted in the middle of Carondelet street at the intersection where the truck was approaching and that there was a "stop" sign painted on the pavement in the middle of Peniston street at the place where the cab was approaching,

which signs were placed there under the traffic regulations of the city of New Orleans. Neither driver obeyed these traffic warnings, and it was negligence on the part of both drivers to disobey and disregard them.

The district judge, in his reasons for judgment, cited the testimony of one of plaintiff's witnesses, Joseph Graziano, who was seated on his truck, which the taxicab passed at the intersection of Peniston and Carondelet streets, immediately before the accident. This witness testified that the defendant's truck was going at such a rapid rate of speed that, in order to avoid a collision he steered his truck sharply to the right, running upon the lake uptown sidewalk at said street intersection. Graziano saw and appreciated the danger and averted it by stopping his machine. The deceased likewise should have seen the truck and used due precaution in slackening his speed, or stopping, in order to avoid the accident. In not doing so, he was guilty of negligence which contributed to his death. Belden v. Roberts, 3 La. App. 338; Stern v. Yellow Cab Co., 2 La. App. 273; Buras v. The Southern Coffee Mills, 123 So. 372.

Counsel for plaintiff has strenuously argued that the physical facts, that the taxicab was nearer the river side of Peniston street at the time of the collision, and that the front of the Ford struck the right side of the taxicab about the middle, conclusively show that the taxicab had entered the intersection first, and under the law had gained the right of way and was entitled to proceed. He cites a long list of authorities in support of the proposition that the vehicle which enters the intersection first gains the right of way and is entitled to proceed. This is undoubtedly the law. But the evidence does not convince us that the taxicab entered the intersection first and gained the right of way; we are satisfied that both vehicles entered the intersection at or about the same time. It is to be noted that the truck traveled from the uptown side of Peniston street to almost the lower side of Peniston street, where it struck the taxicab. It is also to be noted that the taxicab was on the extreme left-hand side of Peniston street, due to the fact that it had just passed a truck, which was traveling on Peniston street in the same direction. Carondelet and Peniston streets are approximately the same width. Therefore, both machines had traversed approximately the same distance of the intersection at the time of the collision. It appears to us that both machines were going at approximately the same rate of speed, at the time of the accident; hence there can be but one conclusion, that the machines entered the intersection at or approximately the same time. We are satisfied that both drivers were at fault in causing this unfortunate accident.

The plaintiff carried the burden of proving the case by a preponderance of the evidence, and as the case involves only issues of fact, which were resolved by the judge a quo in favor of the defendant, we cannot say that he is in error in dismissing plaintiff's suit.

For the reasons assigned the judgment is affirmed.