No. 3738

Second Circuit

———

## HORTMAN ET AL. v. WATSON

———

(November 7, 1930. Opinion and Decree.)

———

Dimick & Hamilton, of Shreveport, attorneys for plaintiffs, appellants.

C. B. Prothro, of Shreveport, attorney for defendant, appellee.

DREW, J. Plaintiffs sue for damages alleged to have been sustained in a collision between the car in which they were driving and a truck parked on Hotchkiss street in the city of Shreveport, Louisiana.

They allege that the truck was parked on said street after night without any lights being displayed on the truck; that the truck had a flat body and the cab part of the truck prevented them from seeing the bed or body of the truck until too late to avoid running into it. They further allege that there was a pole extending out the back of the truck some several feet, which pole plaintiffs allege first came in contact with the car in which plaintiffs were riding, causing the car to overturn and cause the injuries complained of.

Defendant denies the material allegations of plaintiffs' petition and pleads contributory negligence on the part of the plaintiffs for not seeing the parked truck, and avoiding a collision with it; alleging that the street at the point of the accident was well lighted and the truck was visible to anyone who was keeping the proper lookout.

The lower court rejected the demands of plaintiffs and from that judgment they have appealed.

The record shows that defendant left a truck parked in front of his home on Hotchkiss street, without any lights being displayed on the truck, and that the acci-

dent happened after night, but the evidence conclusively established that the pole extended out from the bed of the truck only a few inches; that plaintiffs' car did not come in contact with the pole, but struck the hub cap of the left rear wheel of the truck; and no other part of the truck came in contact with the car of plaintiffs.

The truck was parked on the extreme right-hand side of the street, which was 36 feet wide, and 26 yards in front of the truck there was a street light, and another approximately 100 yards back of the truck, and about 70 yards diagonally across the street was a drug store with an electric sign on the front and also twelve or more small lights. The cab of the truck prevented to some extent the light from the street light in the front of the truck from falling full on the bed of the truck, and the light from the street light to the rear of the truck was cut off to some extent by trees, but there was not any obstruction between the truck and the drug store, and the preponderance of the evidence established that the point where the truck was parked was well lighted, and that the truck could have been readily seen. However, if the street at the point where the truck was parked was not sufficiently lighted to enable one driving along the street to have readily seen the truck; yet, considering the evidence which shows that the lights on plaintiffs' car were burning; that the speed of the car was from four to six miles per hour, and that the car could have been stoped within a distance less than the length of the car. it is apparent that plaintiff could and should have seen the truck in time to avoid the collision (Firemen's Insurance Co. v. Brooks Tarpaulin Co., 3 La. App. 502), and if plaintiffs did not see the truck in time to have avoided the collision, the only rea-

son was that they were not maintaining a lookout.

The trial judge, with the permission of the parties, viewed the scene of the accident when the same conditions existed as at the time of the accident, and from our review of the record, we find that the judgment rendered rejecting plaintiffs' demands was correct, and the judgment is affirmed.