## FERRANDOU v. KATZ.

### No. 11474.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Cobb & Jones and Herman M. Baginsky, all of New Orleans, for appellant.

Edw. Rightor and Eugie V. Parham, both of New Orleans, for appellee.

WESTERFIELD, J.

This suit results from an intersectional collision between two automobiles. Plaintiff, driving her car, and defendant, driving his, collided at the intersection of Willow and Octavia streets. Plaintiff, proceeding along Willow street, admittedly had the right of way. As she approached the intersection of Willow and Octavia, she observed the defendant, Katz, about to cross her path, but "as I had the right of way I thought he would stop, but instead of that he never stopped at all; when I realized I was going to hit I gave him as much room as possible towards my right hand side, which put me very close to the sidewalk, and in doing that, why he hit me on the left side right on the driver's seat, where I was driving. The impact threw me to the sidewalk and, before I could pull my emergency I was on the post in front of me and struck the post with my bumper." The defendant, Katz, testified that he came to a full stop before starting to cross Willow

street, and, putting his car in first gear, he proceeded at a speed of five or six miles an hour; that when in the act of crossing he noticed plaintiff's car about a half block away, but continued across and would have made it in safety, but for the excessive speed at which plaintiff was driving. Only one other witness testified, Cornman, who was a passenger in the Katz car. According to Cornman, Katz stopped before crossing Willow street, and started again and had almost succeeded in getting across when struck by plaintiff's automobile. He corroborates defendant in other particulars.

It is the contention of counsel for plaintiff that defendant should have respected plaintiff's right of way and should not have entered the intersection at all under the circumstances, citing Dameron Pierson Co. v. Stafford, 1 La. App. 506; Norwich Union Indemnity Co. v. Cohen, 1 La. App. 512; Stern v. Yellow Cab Co., 2 La. App. 273; Plick v. Tusa, 14 La. App. 330, 124 So. 678. In these cases both automobiles arrived at the intersection about the same time, and it was held that the automobile having the right of way should have been allowed to proceed. But in the instant case we are not convinced that a similar situation prevailed, and are inclined to the view that the Katz car had reached the intersection a substantial period of time before the Ferrandou car. If we are mistaken in this, however, and if Katz and his corroborating witnesses are wrong and Mrs. Ferrandou correct, there would still remain the question of plaintiff's contributory negligence, and, on this point, we would be obliged to hold that plaintiff could not recover because of her excessive speed. We base our conclusion in this regard partly upon the evidence of the defendant and his witness, but very largely upon the admitted action of plaintiff's car after the accident, when, after striking the defendant's car and turning it around, Mrs. Ferrandou apparently lost control, and her car mounted the curb, crossed the banquette to the lawn in front of a residence on that corner, and crashed into a pillar supporting a gallery of the house situated upon the lawn, damaging the pillar to such an extent that she claims $70 as the amount which she expended to restore it to its former condition. We cannot understand the action of Mrs. Ferrandou's car upon any other theory than that at the time of the impact it had acquired considerable momentum, which could not be immediately or appreciably diminished by the cutting off of the power and application of the brakes. In a word, Mrs. Ferrandou was going too fast. We are convinced that she attached undue importance to the fact that she was on a right of way street and delayed her efforts to stop her car too long, when a prompt application of her brakes, or other methods of avoiding the collision, if timely adopted, would, we believe, have prevented the accident.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.