## MORRIS v. CLARK.

### No. 6157.

Court of Appeal of Louisiana. Second Circuit

Nov. 1, 1940.

Jackson & Mayer, of Shreveport, for appellant.

Irion & Switzer, of Shreveport, for appellee.

HAMITER, Judge.

The Chevrolet delivery truck owned by defendant, F. S. Clark, collided with plaintiff's 1939 Buick sedan during the afternoon of August 30, 1939, near the intersection of Highland Avenue and Stephenson Street in the City of Shreveport. Damage to both vehicles resulted.

Peter Sheffield, a duly authorized employee of defendant, drove the truck; while the second machine was being operated by plaintiff's daughter, Florence Morris, and was further occupied by two other young ladies.

Charging negligent driving on the part of defendant's employee as the cause of the accident, plaintiff asks judgment in this suit in the amount of $116.58, being the alleged damages sustained by his car.

In the answer, defendant denies responsibility for the collision. Pleading specially he attributes negligence to plaintiff's daughter and avers that such was the sole proximate or a contributing cause of it. Besides asking a dismissal of the suit, he prays judgment in reconvention, for damages to his truck, of $100. The reconventional demand passed from the case when defendant entered, at the conclusion of the trial, a voluntary nonsuit respecting it.

There was judgment in plaintiff's favor for $91.15, and defendant appealed.

Highland Avenue courses north and south, while Stephenson Street crosses it in an east and west direction. Each is paved and about 30 feet in width.

The intersection, at the time of the accident, was the southern terminal of the Highland Avenue trolley line. When the southbound trolley reached that point, in effecting the necessary turn around, it turned right, or west, off Highland Avenue on to Stephenson Street, went some 50 or 75 feet and stopped; then a reverse motion was employed and it was propelled backward along Stephenson Street and across Highland Avenue to a stop; following this it turned right, or north, on to Highland Avenue and proceeded on its northerly journey.

The truck was traveling south on Highland Avenue and plaintiff's car, having approached from the south, faced northerly thereon when they came together in an almost head-on collision. A turn around by a trolley was then being undertaken.

The three occupants of the Buick sedan and the motorman of the trolley testified for plaintiff. Defendant offered only the testimony of the truck driver. Conflicts regarding many of the important details of the collision are to be found in the given views.

The evidence, considered as a whole, does not support defendant's contention that the collision resulted by reason of the Buick's attempting the execution of a left turn across the truck's line of travel and blocking the west side of Highland Avenue. On the contrary, it appears to preponderate in favor of the theory suggested by plaintiff.

Plaintiff's version is that his daughter drove her machine north on Highland Avenue, contemplating the steering of it west on to Stephenson Street. As she neared the intersection, and on observing the trolley employing the backing movement necessary for a turn around, her car was brought to a stop a few feet south of such crossing. In the angling and stationary position that it enjoyed, its left front wheel was approximately 3 feet west of the center line of Highland Avenue, while the entire rear end, as well as the greater portion of the machine, was in the proper right-hand traffic lane.

Shortly after the trolley, in its backward motion, cleared the west half of the intersection, the truck, traveling toward the south near the center of the street and at a fast pace, crashed into the motionless Buick. The speed of the truck was estimated by its driver at 30 miles per hour, while plaintiff's witnesses fixed it at from 40 to 50 miles. The entire front portion of the Buick, except the right fender thereof, was struck and demolished.

If plaintiff's car had been experiencing a movement toward the left and cutting the corner, as defendant contends, undoubtedly contact would have been made with its right front fender. Furthermore, most of plaintiff's witnesses stated that it was not in motion when struck, and the truck driver was unable to testify positively regarding this fact.

It was said by defendant's employee that the trolley, when he first saw it, was backing slowly across Highland Avenue and obstructing his view of traffic beyond. He continued forward; and as the trolley backed past the middle of the intersection he attempted the crossing. The Buick was not observed until he was 8 or 10 feet from it, too close to avert a collision. This testimony seems to be in corroboration of the

evidence given by plaintiff's witnesses that only a small portion of the Buick, not more than 3 feet, occupied the west half of. Highland Avenue.

Such west half is 15 feet in width; and, when the occupied 3 feet is deducted therefrom, it is to be noted that a clearance of 12 feet remained for defendant's truck. Thus, plaintiff's machine was not blocking the western side of Highland Avenue.

The factual situation found by us, and above described, compels our conclusion that the sole proximate cause of the collision was the negligence of the truck driver in failing to have his machine under the control required by the existing circumstances and in driving too fast and recklessly. The negligence of plaintiff's daughter, if there was any, was passive and remote; and it did not contribute to the mishap.

The quantum of damages fixed by the trial judge is not questioned by either litigant.

Accordingly, the judgment is affirmed.