Alleging that his GMC truck suffered damage when struck by a Nichols Truck Lines oil tank truck on which the defendant carried public liability insurance, plaintiff sued for $284 cost of repair and $150 for hire of substitute truck while repairs were in progress. Specific acts of negligence were alleged as follows:
"1. That the driver was driving at an excessive rate of speed.
"2. That Nichols Truck Lines' driver failed to keep the proper lookout and to keep his truck under proper control.
"3. That Nichols Truck Lines driver attempted to pass defendant on a bridge which was too narrow for the passing of two trucks.
"4. That Nichols Truck Lines driver entered the bridge after petitioner had entered.
"5. That defendant after learning of plaintiff's peril failed to use due care in avoiding injury to plaintiff, though having the last clear chance to do so."
Defendant pleaded that the Nichols truck had pre-empted the bridge and was in the act of driving entirely off it at the time plaintiff entered and proceeded to cross the bridge. In the alternative, that plaintiff had the last clear chance to avoid the accident and that plaintiff was contributorily negligent.
The District Judge found that the situation was such — as the two vehicles approached the narrow bridge from opposite directions — that each driver should have reduced speed and gotten his vehicle under control; that the plaintiff did this and had come to a full stop when hit, but that the driver of the Nichols truck continued driving on to and across the narrow bridge at at least thirty-five miles per hour with a "complicated, heavily laden, difficult to control vehicle." In a well considered written opinion, judgment was rendered in favor of plaintiff awarding $268.10 for cost of repairs and rejecting his claim for hire of substitute truck. A second written opinion was handed down in denying defendant's application for rehearing.
Defendant appealed to this Court. Plaintiff filed no answer to the appeal, but in his brief before this Court conceded the correctness of the damages awarded in the District Court.
[1] This Court is of the opinion that the negligence of the Nichols truck was *Page 863 
the proximate cause of the accident. We quote with approval an extract from the District Court's opinion on rehearing:
"Plaintiff was driving an ordinary truck. He slowed down for the bridge and was at a complete stop when struck. Defendants' employee was driving a heavy, unwieldly tank trailer truck loaded with 3,952 gallons of gasoline. Signs or no signs, the danger of the narrow bridge was open and apparent. He saw plaintiff's car approaching the bridge from the opposite direction. It was his duty to get his truck under such control that he could meet any emergency. He did not do this, but continued across at 35 miles per hour without appreciably slacking speed.
"Under such a state of facts his failure to control his vehicle was the proximate cause of the accident. Kelly v. Neff [La. App.], 14 So.2d 657; Davies v. Consolidated Und. [La.App.], 14 So.2d 494; Employers' Cas. Co. v. Maecklin, 5 La. App. 140; Morris v. Clark [La.App.] 199 So. 437."
[2] The amount awarded was reasonable and correct. The judgment appealed from is affirmed at appellant's costs.