## LEPINARY v. VITRANO

———

(December 16, 1929.   Opinion and Decree.)
(January 13, 1930.   Rehearing Refused.)

———

Marion G. Seeber and Jos. Rosenberg, of New Orleans, attorneys for plaintiff, appellee.

Eraste Vidrine, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff, as the father for the use and benefit of his minor son, seeks to recover $300 damages for personal injuries sustained by his son, as a result of defendant's automobile striking the boy, who was riding a bicycle across the intersection of Esplanade avenue and White street in the city of New Orleans, on the night of June 11, 1929. Defendant denied liability, and specially pleaded contributory negligence. There was judgment in favor of plaintiff for the sum of $100, and defendant has appealed. Plaintiff has answered the appeal asking that the judgment be increased to the sum of $300.

This case involves only issues of fact.

The only witnesses to the accident were plaintiff's son, colored, age 15 years, an errand boy employed by a drug store, and the defendant, an Italian, aged 47, who was a merchant in the city of New Orleans, the driver of the automobile.

The boy testified as follows:

"Q. Tell how the accident happened?

"A. I was coming out the intersection of White Street and Joseph Vitrano was coming out Broad, coming out De Soto Street, towards Bayou St. John. When I was making the curb, Mr. Vitrano struck me and I fell in the gutter and he picked me up. The front of the bike was laying on the banquet, he struck my back wheel. He took me to the hospital.

"Q. Where did you cross the banquet?

"A. I came straight out White Street, like from Canal Street, going back.

"Q. You crossed De Soto Street at the intersection of White?

"A. Yes."

The defendant testified as follows:

"Q. Will you tell us how the accident happened?

"A. I was driving out De Soto Street, crossing the intersection of Esplanade, going towards the Bayou St. John. As I neared White Street there was an inbound automobile coming from the direction of Broad Street, towards Esplanade Avenue; I was driving on the right, this party was coming on the left and this boy came from behind this automobile and I struck him. I didn't know I struck him until I stopped and picked him up; he had no lights on his bicycle. He said his wrist hurt him and I took him to the Charity Hospital, and they laid him on the table and gave him an order, to come back the next day, but they couldn't find anything the matter at that time, so I took him back in the automobile. I asked him if he wanted to go home—he seemed to be anxious about getting my name and address and he said he wanted to go back to the drugstore where the accident happened, and where he worked. I took him there and he continued on in his duties, and worked there until the drugstore closed, as I was informed, and I was also informed he made a delivery on the bicycle that same evening."

It is to be noted that defendant admits that he was driving to his right side in the direction of Bayou St. John, and that

his attention was directed to an inbound automobile going down Esplanade street. He frankly admits that he did not see the boy and did not know that he had struck him until he stopped and picked the boy up.

The evidence convinces us that the boy on the bicycle entered the intersection first and had almost traversed the street, being partly on the sidewalk and partly on the street, as he stated, when defendant's car struck the rear wheel of the bicycle, throwing the boy into the gutter and causing the injuries alleged. The bicycle, having entered the intersection first, had the right of way, and was entitled to proceed. Plick et al. vs. Tusa et al., 124 So. 678.

The fact that the defendant did not see the boy on the bicycle is not a defense. In the case of Gibbons vs. New Orleans Terminal Co. et al., 1 La. App. 371, the court held that it is not sufficient for the plaintiff to have looked and listened, but he must have done so at the opportune time and in an efficient manner.

We have carefully examined the record, and, as this case involves only issues of fact, we cannot say that the findings of the trial court were in error.

As to the quantum, the trial court allowed $100 for contusions, bruises, and for loss of time by the boy from his employment amounting to four weeks at $6 per week, or $24. The plaintiff has asked that this amount be increased. The injuries to plaintiff were not serious, and, while painful, we believe the sum of $100, as awarded by the trial court, is adequate.

For the reasons assigned, the judgment appealed from is affirmed.