RYAN v. GOODWYN

(November 16, 1931.  Opinion and Decree.)

■■■■■■■■■■■■■■■■■

■■■■■■■■■

M. C. Scharff, of New Orleans, attorney for plaintiff, appellant.

A. C. Kammer and E. I. Mahoney, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. At about 5 o'clock in the late afternoon on November 8, 1929, plaintiff, Dan L. Ryan, was driving his Oldsmobile on Jackson avenue near Baronne street, going towards the Mississippi river.

At the same time defendant and plaintiff in reconvention, Miss Lilly B. Goodwyn, was driving her automobile up Baronne street; her course being across Jackson avenue.

The automobiles collided at the corner of Jackson avenue and Baronne street, and the two owners, each convinced that the other was at fault, seek to recover for the respective losses sustained.

In the trial court judgment was rendered dismissing both the main and the reconventional demands. Only Ryan has appealed.

Under the traffic laws of the city, automobiles proceeding on streets on which are located street car tracks are given the right of way over those on intersecting streets. Thus, at that crossing, vehicles on Jackson avenue have a right superior to those on Baronne street.

This, of course, does not mean that those on Jackson avenue may be driven at reckless speeds or that their operators may disregard the rights of others. Nor does it mean that cars on Jackson avenue may force others already in the intersection to come to a stop.

But it does mean that a driver, in the position in which Ryan was, was justified in assuming that a car, in the position in which Miss Goodwyn's car was, would not attempt to force its way across, regardless of the superior right of the other.

The two cars reached the intersection at approximately the same time, and the Ryan car had the right to proceed. We reach the conclusion that Ryan's speed was not excessive, and we feel that the proximate cause of the collision was Miss Goodwyn's failure to realize that she was approaching Jackson avenue, on which traffic might be expected, and to which traffic the ordinance accorded the right of way.

We do not find evidence warranting a holding that Ryan was under the influence of liquor.

The judgment appealed from, in so far as it dismisses the demand of Ryan, must be reversed.

The estimate made for the repair of the Ryan car was $640, and it is not contended that this amount is incorrect. Personal injuries sustained were shown to be a lacerated wound of the scalp, which required treatment for about ten days. One hundred dollars is proper compensation for such an injury.

The judgment appealed from is amended, in so far as it rejects the demand of plaintiff, and there is now judgment in favor of plaintiff, Dan L. Ryan, and against defendant, Miss Lilly B. Goodwyn, in the sum of $740, with legal interest from judicial demand, and for all costs, and, as thus amended, the judgment is affirmed.