## BOOS v. GLOBE CONST. CO., Inc., et al.

### No. 14140.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

John J. Wingrave, of New Orleans, for plaintiff and appellant.

Milner & Porteous and P. M. Milner, all of New Orleans, for Globe Const. Co., Inc.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for E. D. Boyle & Co., Inc.

### JANVIER, J.

Certain of the facts of this case are not disputed. The Globe Construction Company, Inc., had contracted with the city of New Orleans for the paving, by the former, of Mandeville street, and had in turn contracted with Edward D. Boyle & Co., Inc., for the furnishing, by that company, of the stones to be used in the erection of the curbing along the edges of the sidewalks.

The Boyle Company delivered the stones

by placing them on the sidewalk so that they might be available when needed.

Alvin J. Boos, a boy not quite 7 years old, stumbled and fell on the sidewalk near his home.

His father brings this suit on his behalf, and alleges that the two defendants are liable for the injuries suffered by the boy.

It is charged by plaintiff that the said stones were placed on the sidewalk in such a way as to constitute a danger, and that it was this negligence which rendered the Boyle Company liable, and it is also charged that the Globe Construction Company was at fault in permitting the stones to remain in their dangerous, position.

The evidence as to the position in which the stones were placed is, to some extent, conflicting. The witnesses on behalf of the Boyle Company, which delivered the stones, testified that they were placed very near the gutter edge of the sidewalk and were laid end to end in as safe a way as was possible. On behalf of plaintiff, however, it is charged that the stones, at the time the boy stumbled, were not near the gutter edge, but were near the center of the sidewalk, and were not lying in regular order.

■ As we read the evidence in typewritten form, it is not conclusive as to the negligence of those who placed the stones on the sidewalk, but we cannot overlook the fact that the judge of the district court saw and heard the witnesses and, in rendering judgment against the Boyle Company, indicated that he had resolved this question of fact against that defendant. There is in the record evidence which justifies such a conclusion, and we are therefore not prepared to say that the judgment in this regard was erroneous.

As to the other defendant, we find no evidence except that it was the general contractor, that the delivery of the stones on the sidewalk by the Boyle Company was made in the customary way, and that it is usual, under such contracts, for the furnisher of the material merely to place it on the sidewalk, after which it is subject to the orders and desires of the general contractor. The record fails to show with any accuracy how long the stones had been in the dangerous position or that the general contractor knew of their location or had opportunity to cause them to be moved to a position in which they would not have been a source of potential danger.

It may be that the officers or employees of the general contractor knew of the danger and had ample time to eliminate it, but the record is practically silent on this subject. Nor does counsel call to our attention any authority which would justify our holding a general contractor liable merely because material, when delivered on a sidewalk by a subcontractor, is subject to the orders of and available for the use of the general contractor.

■ Public works of this character must go on. The testimony shows that it is usual, as we have said, for the furnishers of material to make deliveries just as was done here. Therefore, in the absence of a showing that the dangerous condition existed for a sufficient time for the general contractor himself to remedy it and in the absence of citation of authority justifying such a holding, we are not prepared to say that the general contractor is liable.

We therefore feel that the judgment of the district court which relieved the general contractor from responsibility was correct.

The court below rendered judgment in favor of plaintiff and against the Boyle Company for $1,000. It is very evident that this amount is substantially greater than has been awarded in similar cases. The little boy's injuries were not serious, consisting of a superficial wound on the forehead which did not cause even the slightest fracture of the skull, and which left so slight a scar that apparently it was very difficult to locate it when the case was tried. No sutures were necessary; the treatment consisting of a cleansing of the wound and the placing thereon of adhesive tape. The boy was incapacitated for only a few days, and, although there must have been some suffering, it could not have lasted for more than a day or two.

In Ryan v. Goodwyn, 18 La. App. 13, 137 So. 774, we allowed $100 where the "personal injuries sustained were shown to be a lacerated wound of the scalp, which required treatment for about ten days."

In Lepinay v. Vitrano, 12 La. App. 475, 125 So. 304, an award of $100 was affirmed. The injuries consisted of contusions, bruises, and four weeks' loss of time from employment.

In Simmonds v. Southern Rifle Club, 52 La. Ann. 1114, 27 So. 656, an award of $150 was made on behalf of a little girl, who while in her father's back yard, was struck by a rifle bullet which penetrated the right groin.

■ In view of the awards to which we have referred, we believe that $150 is adequate remuneration.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by reducing the amount thereof to $150, and, as thus amended, it is affirmed.

Amended and affirmed.